## DANKO v. LEWY.

### No. 11261.

Circuit Court of Appeals, Fifth Circuit.

May 11, 1945.

Harold Cox, of Jackson, Miss., for appellant.

Landman Teller and R. M. Kelly, both of Vicksburg, Miss., for appellee.

Before HOLMES, McCORD, and WALLER, Circuit Judges.

McCORD, Circuit Judge.

George Danko sued Ernest B. Lewy as a warehouseman on an oral contract of bailment for the recovery of damages for the loss of household effects which were destroyed by fire in the warehouse on September 15, 1943. The suit was for the amount of $4,343.50, and the jury returned a verdict for the plaintiff for $2,000. Thereupon Lewy moved for a judgment notwithstanding the verdict, and in the alternative, for a new trial. The motion for a new trial was overruled. The motion for judgment notwithstanding the verdict was sustained. Plaintiff has appealed.

The important facts disclose that on May 3, 1943, the plaintiff, George Danko, stored his household effects in the defendant's warehouse at Greenville, Mississippi. Danko was a lieutenant in the Army Air Force and was ordered to report for duty at the Jackson Army Air Base. He delivered his property to the warehouse in the late afternoon of May 3 to one Taylor, who was the manager of the establishment. Taylor advised Danko that the storage charges would be $6.12 per month, and this amount was paid for the ensuing month. Taylor was advised that plaintiff wanted $5,000 of fire insurance on his property, and he agreed to secure this insurance for plaintiff and such coverage was to continue as long as the property was stored in defendant's warehouse. The plaintiff agreed to pay the premium in addition to storage charges and Taylor assured him that he would secure this insurance protection. For the reason that it was late in the afternoon and there was a shortage of help, the warehouseman did not check plaintiff's furniture and give him a receipt for it at that time, but agreed to check the goods and mail plaintiff a list of same together with an insurance policy covering his effects. The warehouse was advertised in the telephone directory, in the city directory, and on the letterheads of the defendant as being fireproof.

On May 26, 1943, and after plaintiff had written twice for a list of the property, defendant mailed him a warehouse receipt which was dated May 3, 1943. This receipt was not accompanied by letter, and no insurance policy was enclosed with the list. Upon receiving the list plaintiff wrote and complained that the list furnished was incorrect and on June 11, 1943, the defendant acknowledged the letter and directed that certain articles which he had neglected to include were to be added to the list. On July 1, 1943, the plaintiff wrote again to the warehouseman inquiring about the insurance policy which he had failed to receive, but received no answer. On September 15, 1943, the warehouse burned and the property of plaintiff was destroyed.

The warehouse on the inside consisted of wooden shelves and considerable wood

the result should be the same. In the circumstances and in the absence of instructions from the plaintiff to desist loading, the defendant was free to continue loading on December 8th, notwithstanding the events of that day and the day before. The defendant is not assumed to be endowed with prescience and only the gloomiest pessimist, without basis in fact, could take the view that the vessel would not be permitted to sail or that if permitted it could not reach the port of destination. The Styria, 186 U.S. 1, 22 S.Ct. 731, 46 L. Ed. 1027."

structure, and was burned out on the inside. A fire wall divided the main floor of the building and the door in this wall was left open and unprotected. The chief of police of Greenville testified as an expert witness and gave as his opinion that plaintiff's goods would not have been destroyed by fire if this opening had been protected by a door.

■ There is virtually no dispute that the claim for $4,353.50 was made in absolute good faith. This amount was not questioned until the case was brought to this court, and while this question may be raised at any time, it is clear that there is no merit in the jurisdictional question as to amount. Saint Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288, 289, 58 S.Ct. 586, 82 L.Ed. 845.

■ The plaintiff sought by letter more than once to secure from defendant the promised insurance policy. The evidence makes it plain that plaintiff continued to rely upon defendant to secure for him the policy of insurance, and he explained in one of the letters that he was not seeking such insurance himself for the reason that he was relying on defendant to procure for him such coverage. The defendant plants himself squarely on the defense of never having agreed to secure insurance for the plaintiff. He did admit that he secured insurance for his customers where goods were stored in his warehouse, when requested so to do. The jury by its verdict found that an oral agreement did exist, by which defendant agreed to procure the insurance and the evidence is substantial to the effect that plaintiff relied upon and waited for the defendant to mail to him policy for such coverage. There is therefore no merit in the contention that plaintiff should have protected himself by securing insurance to cover his goods. Purington Paving Brick Co. v. Metropolitan Paving Brick Co., 8 Cir., 4 F.2d 676, 681.

■■ The duty of the plaintiff to minimize his damage would not and could not arise until he knew the defendant would not carry out the oral contract to secure the insurance. American Surety Co. of New York v. Franciscus, 8 Cir., 127 F.2d 810. Moreover, whether plaintiff had such knowledge as would cast upon him the duty of procuring insurance coverage was a question for the jury. Gunning v. Cooley, 281 U.S. 90, 50 S.Ct. 231, 74 L.Ed. 720; Purington Paving Brick Co. v. Metropolitan Paving Brick Co., 8 Cir., 4 F.2d 676; Steger et al. v. Orth, 2 Cir., 258 F. 619.

■■ The contract was verbal and the warehouse receipt in no wise measured to a contract, and it is without dispute that it was not even a correct receipt, as it did not correctly list the goods stored. Likewise the contention that the contract was void as against public policy is without merit. There is no evidence that plaintiff fraudulently valued or attempted to fraudulently value his property. The goods were placed in the hands of defendant where they could be seen, inspected and valued both by defendant and the insurance company.

■ There is abundant evidence to support the verdict of the jury, and the court erred in granting the motion for judgment notwithstanding the verdict. Gunning v. Cooley, 281 U.S. 90, 50 S.Ct. 231, 74 L.Ed. 720; Montgomery-Ward Co. v. Duncan, 311 U.S. 243, 253, 254, 61 S.Ct. 189, 85 L. Ed. 147.

The evidence is virtually without dispute that the warehouse was not fireproof and that the defendant was negligent in the maintenance of such structure in that he failed to erect a door in the fire wall. However, we prefer to rest our decision on the breach of the oral contract.

The court fully and fairly charged the jury on each and every issue involved, and the evidence substantially supported the verdict of the jury. The judgment is therefore reversed with direction upon remand to enter judgment for plaintiff in the amount and for the sum originally fixed by the verdict of the jury.

Reversed and remanded with directions.