PARKER, Respondent, v. HARDY, Appellant

(41 N. W.2d 555)

(File No. 9062. Opinion filed February 27, 1950)

**Stover & Beardsley**, Watertown, for Appellant.
**Robert D. Jones**, Milbank, for Respondent.

SICKEL, J.   Plaintiff's truck and defendant's automobile collided on an overpass, and both vehicles were damaged.   Plaintiff brought this action to recover his damages amounting to $1,748.38.   Defendant denied liability, and counterclaimed for his own damages.   Defendant's answer also states a plea in bar, based upon the allegation that plaintiff carried indemnity insurance which has been paid by the insurer, with the right of subrogation; that the insurer is the real party in interest and is therefore a necessary party to this action.   Motion to strike the plea in bar was granted, and defendant appealed.

The parties have stipulated the facts so far as they are material to consideration of the plea in bar by the circuit court and on appeal. It appears from the record that the plaintiff's damages were $1,748.38 as claimed; that plaintiff was insured in Lloyds, London, against damages resulting from collision or upset to the amount of actual damages less $250 deduction; that the insurer has paid its liability to the plaintiff according to its certificate (policy) and that the policy provides for subrogation to the extent of the payment so made. This is therefore an action brought in the the name of the insured against an alleged wrongdoer to enforce such right of subrogation and also to recover the damages sustained by the insured in excess of the payments made to him by the insurer, in the amount of $250. The issue presented is whether the insured is entitled to maintain this action in his own name or whether the insurer is a real party in interest and a necessary party to the action.

■ ■ It is a well settled rule of law that an insurer is entitled to subrogation, either by contract or in equity for the amount of the indemnity paid. Harrington v. Central States F. Ins. Co., 169 Okl. 278, 36 P.2d 738, 96 A.L.R. 859; Flor v. Buck, 189 Minn. 131, 248 N.W. 743; Shiman Bros. & Co. v. Nebraska Nat. Hotel Co., 143 Neb. 404, 9 N.W.2d 807. When the indemnity paid by the insurer covers only part of the loss, as in this case, leaving a residue to be made good to the insured by the wrongdoer, the right of action remains in the insured for the entire loss. Aetna Ins. Co. v. Hannibal & St. J. R. Co., C.C., 3 Dill 1, 1 F. Case No. 96; Harrington v. Central States F. Ins. Co., supra, Anno. p. 879; City of N. Y. Ins. Co. v. Tice, 159 Kans. 176, 152 P.2d 836, 157 A.L.R. 1233, Anno. p. 1251; Flor v. Buck, supra, Shiman Bros. & Co. v. Nebraska Nat. Hotel Co., supra; Johanson v. Cudahy Packing Co., 107 Utah 114, 152 P.2d 98, 103. In these cases the insured becomes a trustee and holds the amount of recovery, equal to the indemnity for the use and benefit of the insurer. The rule is founded on the principle that the wrongful act was single and indivisible, and gives rise to but one liability. Upon this theory the splitting of causes of action is avoided and the wrongdoer is not subject to a multiplicity of suits.

■ We therefore conclude that the insurer is not a necessary party to this action, and the order appealed from is affirmed.