Alton Wayne **ROBERTS**, Appellant,

v.

Laurens **PIERCE** et al., Appellees.

No. 24581.

United States Court of Appeals
Fifth Circuit.

July 22, 1968.

R. Dan Coit, Joe R. Odom, Meridian, Miss., for appellant.

Thomas D. Bourdeaux, Meridian, Miss., for appellees.

Before GEWIN and COLEMAN, Circuit Judges, and HUGHES, District Judge.

HUGHES, District Judge:

This is a diversity suit filed by Alton Wayne Roberts against Laurens Pierce and Columbia Broadcasting System, Inc., for assault and battery, alleged to have been committed on Roberts by Pierce in the course of his employment with CBS. After a hung jury necessitated the declaration of a mistrial, the district judge entered a judgment for the defendants. We reverse.

Pierce is a news cameraman for CBS who, on January 27, 1965, was engaged in covering a hearing held in connection with indictments returned against Roberts and a number of other people at the Federal Building in Meridian, Mississippi.

At the noon recess, Roberts, along with his co-indictees, left the building, and as they did so they were photographed by Pierce and the other cameramen. An altercation developed between Pierce and one of the co-indictees. The eyewitness testimony regarding the events which followed is distressingly conflicting.

Roberts' testimony and that of his witnesses tend to establish his contention that during the altercation, Pierce pulled a "club", began swinging it, and hit, or almost hit, an onlooker standing with a small child near Roberts; that Pierce swung the stick at Roberts, and the latter threw up his hands to avoid the blow; that Roberts was struck at least four blows, during which time he merely attempted to defend himself.

Pierce's witnesses tend to establish his contention that one of the co-indictees initiated the commotion by putting his hand on Pierce's camera and giving it a shove; that each of four co-indictees, but not Roberts, proceeded to pummel him while he attempted to protect himself with his fists; that Pierce then retreated a short distance from the scene; that while he was standing there with his hands at his sides Roberts delivered him a body blow; that Pierce attempted to defend himself with a wooden handle he used to hold his camera; that he landed some blows on Roberts but that Roberts knocked him down after hitting and kicking him.

Pierce and CBS introduced a motion picture film into evidence which they contend depicts the entire incident. Roberts vigorously contends that the film portrays only a part of it. The photographer who made the film, an employee of a New Orleans television station affiliated with the NBC network, testified that he photographed the entire affray.

At the conclusion of the presentation of plaintiff Roberts' evidence, defendants, Pierce and CBS, filed motions for directed verdicts which were overruled. At the conclusion of all of the evidence defendants submitted to the trial judge their requested instructions Nos. 11 through 15 with the comment "we hand

the Marshal instructions number 11 through 15 which Your Honor had previously considered and refused." Instructions Nos. 11 and 12, consisted of directions to the jury not to enter verdicts for plaintiff against either defendant. The trial judge stated in open court after his oral charge was delivered: " * * * I recognize these instructions as having been refused. Without comment I hand them to the reporter. They are still refused and your exceptions are noted."

The jury retired but could not reach a verdict, and a mistrial was declared. Defendants filed a motion styled "Defendants' Motion for Judgment in Accordance with Previous Motion for a Directed Verdict." The trial judge's opinion confirms that he treated it as a motion for judgment n. o. v. under Rule 50 F.R.Civ.P. The motion was granted after hearing, and judgment was entered for the defendants.

Appellant Roberts urges the following specifications of error:

1. No motion was made at the close of all the evidence upon which to base the trial court's judgment (as required by Rule 50(b) F.R.C.P.).

2. A jury question is presented by the evidence.

3. The lower court erred by refusing to allow the jury to consider punitive damages.

In view of our decision to reverse, the first point will only be discussed briefly.

Rule 50(b) F.R.C.P. provides in part as follows:

"Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal question raised by the motion. * * * If no verdict was returned, the court may direct the entry of judgment as if the requested verdict had been directed or may order a new trial."

■ It is our opinion that the defendants' formal request that the jury be instructed to direct a verdict in their favor fulfills the requirements of Rule 50(b) for a motion. Appellant Roberts cites no cases which even suggest a contrary view.

■ In regard to the second point, it is our opinion that a jury question is presented by the evidence and the trial judge should not have granted the motion of defendants for judgment.

■ In making our decision on this point, it is necessary to ascertain first whether the state or federal test is to be applied in determining the sufficiency of the evidence to raise a question of fact for the jury. While the Supreme Court has not yet settled the conflict which exists among the courts of appeals, this court's position is clear that federal courts must apply a federal test.[1]

■ On several occasions this court has enunciated the principle that where there is a conflict in the evidence the case must be submitted to the jury. One of the early cases is Danko v. Levy, 149 F.2d 66 (5th Cir. 1945), in which it was held that the trial court erred in granting a motion for judgment notwithstanding the verdict where there was substantial evidence to sustain the jury's verdict.

Recent decisions of this court have followed the same rule.

Glazer v. Glazer, 374 F.2d 390 (5th Cir. 1967) involved the interpretation of an agreement which the trial judge submitted to a jury. After the verdict a judgment notwithstanding the verdict was granted. This Court in reversing declared:

"The defendant's motion for judgment n. o. v. presented solely a question of law. The trial court had power to enter judgment n. o. v. only for one reason—the absence of any substantial evidence to support the verdict. * * The court could not weigh the evidence in making this determination. * * *

---

1. Revlon, Inc. v. Buchanan, 271 F.2d 795 (5th Cir. 1959).

We conclude that it was proper for the court to leave interpretation of the agreement to the jury."

The rule as laid down in Helene Curtis Industries, Inc., et al. v. Pruitt, 385 F.2d 841 (5th Cir. 1967) is

"The test employed by the Fifth Circuit is that a fact issue must be submitted to the jury if reasonable men could differ on the conclusions to be reached from the evidence presented. *Isaacs v. American Petrofina*, 5th Cir. 1966, 368 F.2d 193; *Wells v. Warren*, 5th Cir. 1964, 328 F.2d 666. We must view the evidence and all reasonable inferences most favorably to the party against whom the motion is made."

Two very recent cases of this circuit in which the rule is applied are Southern Glass & Builders Supply Company et al. v. United States of America, 5 Cir., 398 F.2d 109 decided June 28, 1968, and Dun & Bradstreet, Inc. v. Miller, 5 Cir., 398 F.2d 218 decided July 1, 1968.

In the *Southern Glass & Builders Supply Company* case the court stated the rule in much the same way as in *Helene Curtis Industries, Inc.*

"In considering the motion for a directed verdict the District Judge is bound to view the evidence most favorably to the party against whom such motion is made, giving to him every reasonable inference to be deduced therefrom, and unless the Court could properly determine that no reasonable man could reach a verdict in favor of such a party he is bound to submit the case to the jury."

In the case before us it was the opinion of the trial judge that the motion picture evidence was conclusive and that it showed the incident to have occurred in accordance with defendants' contention.

But the evidence of the plaintiff Roberts and his witnesses was completely opposed to this conclusion of the trial judge. In addition to testimony of witnesses that the fight did not occur in the manner depicted by the film, its accuracy was attacked by the fact that it covered only a few seconds, whereas witnesses for Roberts testified the fight lasted for a minute and a half. There was also direct evidence that the film did not include all of the fight.

Since the evidence was conflicting, under the rule as laid down by this court the trial court " * * * could not weigh the evidence in making a determination." That decision must be left to the jury, and granting the judgment notwithstanding the verdict was error.

The third point raised by appellant Roberts is that the trial court erred in refusing to allow the jury to consider punitive damages.

Appellant argues that the evidence fairly raises a question whether Pierce's use of the camera handle establishes malice. His requested instructions on the issue were overruled by the trial judge because he believed that the evidence did not present a case for punitive damages.

Under Mississippi law, punitive damages are authorized if the wrongful conduct is intentional or if it results from such gross disregard for the rights of the complaining party as to amount to willfulness on the part of the wrongdoer. Illinois Central R. Co. v. Ramsay, 157 Miss. 83, 127 So. 725, 726; Atkinson v. Dixie Greyhound Lines, 143 F.2d 477 (5th Cir. 1944). It has been specifically held that in an assault and battery case punitive damages may be awarded if the assault is of a wanton, malicious, or brutal nature. Wagner v. Gibbs, 80 Miss. 53, 31 So. 434, (1902). Furthermore, "(m)alice may be presumed from the manner in which an assault is made when considered in light of the surrounding circumstances as shown by all of the evidence in the case." Anderson v. Jenkins, 220 Miss. 145, 70 So.2d 535.

We believe that the evidence is sufficient to raise a fact issue for the jury on the question of malice. The testimony of plaintiff's witnesses, if credited by the jury, would support an inference of malice upon which an award of

punitive damages might be justified. It was error for the trial judge to refuse to instruct the jury on this issue.

For the reasons stated the judgment is reversed and remanded.