SCHULDT, Appellant v. STATE FARM MUTUAL AUTOMOBILE INS. CO., Respondent

(238 N.W.2d 270)

(File No. 11580. Opinion filed December 31, 1975)

Gale E. Fisher, May, Johnson & Burke, Sioux Falls, for plaintiff and appellant.

Timothy J. Nimick and H. L. Fuller, Woods, Fuller, Shultz & Smith, Sioux Falls, for defendant and respondent.

WOLLMAN, Justice.

This is a declaratory judgment action to determine the legal effect of subrogation provisions in policies of automobile insurance issued by defendant to plaintiff. Plaintiff has appealed from an order granting defendant's motion for summary judgment. We affirm.

On June 23, 1972, plaintiff's 16-year-old daughter, Pamela Schuldt, a resident of plaintiff's household, was injured when the automobile in which she was riding, owned and operated by a third party, was involved in an accident. As a result of the injuries suffered in this accident, Miss Schuldt incurred medical expenses in the amount of $2,603.45.

On the date of the accident, there were in full force and effect three separate policies of insurance that defendant had issued to plaintiff. These policies provided for payment of reasonable medical expenses incurred for services furnished to plaintiff or any member of his household who sustained bodily injury caused by accident, such coverage also applying to the occupancy of a non-owned automobile by plaintiff or relatives residing in his household.

Each of these policies contained a provision stating that:

"Subrogation.    *    *    *

"Upon payment under coverages C and M of this policy the company shall be subrogated to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery which the injured person or anyone receiving such payment may have against any person or organization and such person shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. Such person shall do nothing after loss to prejudice such rights."

Plaintiff states that defendant refused to pay the above described medical expenses until plaintiff signed a loan receipt, the terms of which required plaintiff to agree to repay the amount advanced for medical expenses in the event he made recovery against any third party on account of the personal injuries sustained by his daughter in the accident in question. Defendant states in its brief that it has in fact paid medical benefits pursuant to the policies in question. In any event, plaintiff commenced this declaratory judgment action attacking the validity of the above quoted subrogation clause. [1]

Plaintiff contends that the subrogation clause in question is invalid because it constitutes an attempted assignment of a claim for personal injuries in violation of the common law rule proscribing such assignments and because it is an attempt by defendant to contravene the provisions of SDCL 58-23-7 and 58-23-8(3), which require companies writing automobile liability insurance policies to offer medical payments coverage as a part of such policies. [2]

---

1. Although the trial court made no determination on the merits of plaintiff's purported class action suit, the court did make an express determination that there was no just reason for delay of entry of judgment against plaintiff and expressly determined that final judgment should be entered against the claim of plaintiff for himself and as guardian ad litem for Pamela Schuldt. See SDCL 15-6-54(b); Cf. *Shryock v. Mitchell Concrete Products, Inc.*, 87 S.D. 566, 212 N.W.2d 498; *Brasel v. City of Pierre*, 87 S.D. 561, 211 N.W.2d 846.

2. SDCL 58-23-7:
"No application for an automobile liability policy may be taken with respect to any automobile registered or principally garaged in this state unless the supplemental coverages set forth in SDCL 58-23-8 are offered to the named

Similar subrogation clauses have been upheld by the overwhelming majority of those courts that have had occasion to rule on their validity. See, e. g., *Rinehart v. Farm Bureau Mutual Ins. Co. of Idaho, Inc.*, 96 Idaho 115, 524 P.2d 1343 (see the exhaustive list of cases cited in notes 1 and 2, 96 Idaho at 117, 524 P.2d at 1345); *Imel v. Travelers Indemnity Co.*, Ind.App., 281 N.E.2d 919; *National Union Fire Ins. Co. v. Grimes*, 278 Minn. 45, 153 N.W.2d 152;. *Geertz v. State Farm Fire & Cas.*, 253 Or. 307, 451 P.2d 860; Annot., 19 A.L.R.3d 1054.

■ This court has stated that "It is a well settled rule of law that an insurer is entitled to subrogation, either by contract or in equity for the amount of the indemnity paid." *Parker v. Hardy*, 73 S.D. 247, 248, 41 N.W.2d 555, 556. In keeping with that principle, we conclude that as set forth in the above cited representative cases, the majority rule upholding the validity of an insurer's subrogation rights under medical payments coverage is sound and should be followed.

■ With respect to the argument regarding the attempted assignment of a personal injury claim, there is a distinction between an assignment of a claim for personal injuries and subrogation, as was stated by the court in *Imel v. Travelers Indemnity Co.*, supra:

"We agree with the majority of the jurisdictions which make a distinction between an assignment of a claim for personal injuries and subrogation of one's rights arising from a personal injury. A few of the distinctions are: subrogation secures contribution and indemnity, whereas assignment transfers the entire claim;

---

insured who shall have the right to reject in writing all or any one or more of such coverages."

SDCL 58-23-8:

"Supplemental insurance coverages shall as a minimum include:  *  *  *

(3) indemnity to the named insured and to any other insured, irrespective of legal liability, for medical expenses in an aggregate amount of at least two thousand dollars for each such injured person, incurred within two years from the date of the accident by reason of bodily injuries arising out of the use of the automobile described in the policy or through being struck by a motor vehicle while a pedestrian."

the consideration in subrogation moves from subrogor to subrogee, whereas in an assignment the consideration flows from assignee to assignor; assignment contemplates the assignee being a volunteer, whereas subrogation rests on a contractual duty to pay; assignment normally covers but a single claim, whereas subrogation may include a number of claims over a specific period of time; subrogation entails a substitution, whereas assignment is an outright transfer." (citations omitted) 281 N.E.2d at 921.

Plaintiff argues that our decision in *Westphal v. Amco Ins. Co.*, 87 S.D. 404, 209 N.W.2d 555, mandates the conclusion that the clause in question is invalid. In *Westphal,* we held invalid an "other insurance" provision of an insured's uninsured motorist coverage. Plaintiff argues that the same considerations that governed in *Westphal* apply in the instant case. We do not agree. No subrogation clause was at issue in the *Westphal* case, and the decision did not stand for the proposition that the insured could recover under his uninsured motorist coverage and then later recover from the uninsured motorist without reimbursing his insurer to the extent of the earlier payment. Cf. SDCL 58-11-9.1 and 58-11-9.6. We note that one of the principal decisions relied upon by this court in *Westphal* recognized that subrogation rights under medical payments coverage were not inconsistent with a holding that the "other insurance" provision of uninsured motorist coverage was invalid. *Van Tassel v. Horace Mann Ins. Co.*, 296 Minn. 181, 207 N.W.2d 348.

■ We conclude that the subrogation clause involved in the three policies in question is not invalid and that the trial court correctly granted defendant's motion for summary judgment.

The order granting summary judgment is affirmed.

DUNN, C. J., and COLER, J., concur.

WINANS and DOYLE, JJ., concur specially.

DOYLE, Justice (concurring specially).

We concur.

For the sake of clarity, however, we deem it necessary to discuss certain applications of the majority holding as to SDCL 58-23-8. That statute says in part:

"Supplemental insurance coverages shall as a minimum include:

(1) *accidental death benefits* of at least ten thousand dollars * * *

(2) *indemnity* of at least sixty dollars per week for disability * * * The disability benefits shall be paid in full without reduction because of any benefits available under any workmen's compensation law or similar law or from any other source;

(3) *indemnity* to the named insured and to any other insured * * * for medical expenses in an aggregate amount of at least two thousand dollars * * *." (emphasis supplied)

It is, of course, the duty of the court to carry out the intent of the legislature in interpreting this section. With this objective in mind, then, we must determine the meaning of the phrases "(1) accidental death benefits," "(2) indemnity * * * for disability," and "(3) indemnity * * * for medical expenses."

We will first consider the latter two phrases—indemnity for disability and indemnity for medical expenses, and whether we may perceive in the two sections a legislative intent to allow subrogation.

The critical word in the two phrases is "indemnity," and our interpretation of the phrases will pivot that word. Couch on Insurance 2d § 1:9, states:

"Insurance, other than that of life and accident where the result is death, is a contract of *indemnity* by which is meant that the party insured is entitled to compensation for such loss as has been occasioned by the perils insured against, the right to recover being commensurate with the loss sustained, or with the amount specified, as in cases of life insurance and valued policies." (emphasis supplied)

A contract of indemnity, at least in the context of insurance law, means that an injured person is to recover on his loss "commensurate with the loss sustained." It seems clear that the legislature meant just that when it enacted its section—it meant that the supplemental medical insurance policy should assure that the injured party recovers "commensurate with the loss." See also 43 Am.Jur.2d, Insurance, § 1.

This being the case, we find nothing objectionable about allowing an insurer contractual subrogation in the case of medical benefits. Subrogation operates only when a party recovers twice for injuries sustained and in an aggregate amount *greater than* the actual injury.

In the case at hand, for example, the plaintiff incurred medical expenses in the amount of $2,603.45. Her insurance company was obligated by contract to pay $2,000. The subrogation clause required her to reimburse the insurance company if, and only if, she subsequently recovered from the tortfeasor. The reimbursement would be only in the amount which the insurance company had paid her. Thus, if the insurance company paid her $2,000 in medical benefits and she subsequently recovered $2,603.45 from the tortfeasor, she would have been required to reimburse the insurance company for $2,000. Note, however, that she would still possess $2,603.45, the exact amount necessary to pay her medical expenses.

The decision allowing subrogation in indemnity situations is well within South Dakota precedents. As stated in the majority opinion, " 'It is a well settled rule of law that an insurer is entitled to subrogation, either by contract or in equity for the amount of *indemnity* paid.' *Parker v. Hardy*, 73 S.D. 247, 248, 41 N.W.2d 555, 556." (emphasis supplied)

A further reason for endorsing the result of the majority decision lies in a comparison of SDCL 58-23-8(2) and (3). Section (2) of that statute, which provides for indemnity for disability, states in its last sentence:

"The disability benefits shall be paid in full without reduction because of any benefits available under any workmen's compensation law or similar law or from any other source."

This section thus recognizes that the use of the word "indemnity" implies that subrogation would ordinarily be legitimate. However, it specifically denies that right with regard to the indemnity spoken of in section (2). We regard the specific inclusion of the limiting clause in (2) and the lack of such clause in (3) to be a legislative recognition that subrogation should be allowed as to medical coverage. As was recently stated in *Commonwealth of Ky. ex rel. Hancock v. Ruckelshaus,* 1973, D.C.Ky., 362 F.Supp. 360:

> "where a particular provision appears in a statute, the failure to include that same requirement in another section of the statute will not be deemed to have been inadvertent." 362 F.Supp. at 365.

We conclude that subrogation is proper as to the medical payments coverage demanded in SDCL 58-23-8(3).

We now turn to the question of whether a legislative intent to allow subrogation can be perceived in section (1) of SDCL 58-23-8, which states:

> "Supplemental insurance coverages shall as a minimum include:
>
> (1) accidental death benefits of at least ten thousand dollars payable upon the loss of life of the named insured   *   *   *."

It will be noted that the legislature did not use the word "indemnity" in enacting the statute but instead spoke simply of "benefits." Furthermore, it will be noted that a life insurance contract is not normally considered to be a contract of indemnity. 43 Am.Jur.2d, Insurance, § 3, for example, states:

> "a policy of life insurance is not a mere contract of indemnity, but is a contract to pay the beneficiary a certain sum of money in the event of death, provided certain conditions are performed by the insured."

A life insurance policy, then, is not intended to "indemnify" or to "make whole" the beneficiary, as is a medical insurance

policy. Instead, it is intended to guarantee the payment of a specified sum under prescribed conditions regardless of monetary loss to the beneficiary. It is our belief that when the legislature enacted SDCL 58-23-8(1) it intended to demand inclusion of a typical life insurance provision in the supplemental. insurance. Such a provision would guarantee the payment of a specified sum under certain conditions. It would not therefore be subject to subrogation, for to allow subrogation would effectively reduce the amount which would normally be paid under a typical life insurance policy.

We have come to this conclusion because we can see no alternative. We must look either to the commonly accepted or technical definition of a term in determining legislative intent, depending on the circumstances. See *McCullagh v. Fortune*, 76 N.D. 669, 38 N.W.2d 771. The technical definition of life insurance, as demonstrated above, rejects the idea of indemnity and rejects with it the idea of subrogation. The commonly accepted definition of life insurance imports an absolute right to a payment upon death and notification of the insurance company.

Furthermore, we can find nothing in the statute which would lead us to believe that the legislature intended to abandon both the traditional technical and commonly accepted meanings. It did not include the word "indemnity" in the life insurance section nor did it contain any other language tending to indicate that anything but the normal use of the term life insurance was intended.

We conclude therefore that the life insurance demanded by SDCL 58-23-8(1) is of the normal type and is not subject to subrogation, and that such insurance must be included in a supplemental insurance policy unless rejected in writing pursuant to SDCL 58-23-7.

I am authorized to state that Justice WINANS joins in this special concurrence.