MARYLAND CASUALTY COMPANY, a corporation, Plaintiff and Appellant,

v.

Melvin E. DELZER, d/b/a Delzer Construction Company, Defendant and Respondent.

No. 12482.

Supreme Court of South Dakota.

Argued Jan. 24, 1979.

Decided Sept. 5, 1979.

Rehearing Denied Oct. 12, 1979.

David P. Olson, Rapid City, for plaintiff and appellant.

Edward C. Carpenter, of Costello, Porter, Hill, Nelson, Heisterkamp & Bushnell, Rapid City, for defendant and respondent.

MILLER, Circuit Judge.

This is an appeal from the trial court's order which granted defendant-respondent's motion for summary judgment and its order denying plaintiff-appellant's summary judgment motion. Plaintiff-appellant (Maryland Casualty Company) is the insurer of Rapid City Implement Company (not a party to the action). Defendant-respondent (Delzer Construction Company) was the lessee of equipment under a lease agreement with Rapid City Implement.

## FACTS

Delzer and plaintiff's insured, Rapid City Implement, executed a lease agreement on October 19, 1973. The pertinent provisions

of this lease contain the following language:

INSURANCE: The Lessee further agrees to protect the Lessor on this contract with full insurance coverage, said insurance to cover loss or damage occasioned by fire, theft, flood, explosion, accident, act of God, or any other cause that may occur during the life of this lease, and to protect the Lessor by insurance in an amount satisfactory to Lessor against public liability of any and every kind. LOSS OR DAMAGE: The Lessee agrees to pay the Lessor for all loss and damages to the equipment arising from any cause whatsoever that may occur during the life of this lease, and until such equipment has been returned into the possession of the Lessor and accepted by it. LIABILITY: Lessee shall be liable for all expenses, damages and claims arising out of its possession, operation, or transportation of the equipment herein described, and shall hold the Lessor and its assigns harmless therefrom.

LOSS AND DAMAGE: It is agreed by the parties hereto that the value as hereinbefore stated [$13,500] is hereby accepted as the true value and shall be used in case of arbitration or adjustment. In making such adjustment. . . . [I]t is understood that no rentals theretofore paid or due shall apply to the payment of such loss.

Pursuant to execution of this contract, the defendant took immediate possession of a paylogger and thereafter retained exclusive possession of it until June 5, 1974, when it was damaged by fire. The unrepaired paylogger was returned to Rapid City Implement immediately after the accident and plaintiff paid $8,216 under its insurance contract. In consideration of the proceeds, Rapid City Implement executed a proof of loss assigning its cause of action against defendant to plaintiff. On receipt of said proceeds, Rapid City Implement credited Delzer's account. Plaintiff took possession of the paylogger, made some repairs, and thereafter sold the same for a salvage bid of $1,200. Accordingly, plaintiff's net indemnification of its insured was $7,016.

Plaintiff filed its complaint in January, 1977, and on April 7, 1977, amended the same to include Rapid City Implement (the insured) as a party plaintiff. By its amended complaint, plaintiff contends that defendant breached the terms of the lease by failing to obtain insurance coverage for the leased paylogger. Defendant's answer denied plaintiff's allegations and further alleged that plaintiff was not entitled to recover on the grounds that:

(1) Defendant was, under the terms of the contract, entitled to a credit for the proceeds paid to the plaintiff's insured, and

(2) Plaintiff's payment of proceeds to the insured was a voluntary act thereby precluding plaintiff's subrogation to this cause of action.

Plaintiff moved the trial court for summary judgment on February 25, 1977. Hearing on that motion was held on March 21, 1977, and the matter was continued. Plaintiff filed its amended complaint adding the insured as a party plaintiff and its amended motion for summary judgment on April 7, 1977. Hearing on plaintiff's amended summary judgment motion was held on April 11, 1977. The trial court thereafter entered its August 3, 1977, order denying the same.

The parties stipulated that Rapid City Implement could be dismissed with prejudice. The trial court ruled at the November 2, 1977, pretrial conference that plaintiff was a beneficiary under the lease since the insured, by executing a proof of loss, assigned the cause of action to plaintiff.

On February 6, 1978, defendant filed a motion for summary judgment urging four grounds upon which it claimed summary judgment lay. Pursuant to the March 29, 1978, hearing, the trial court granted the motion, without specifying its reasons. Plaintiff thereafter made a request for formal decision, asking the trial court to specify which of defendant's grounds and reasons it had relied upon in granting summary judgment. The trial court, however, refused to enter a formal decision.

Pursuant to the trial court's denial of plaintiff's summary judgment motion and the granting of defendant's summary judgment motion, plaintiff brought this appeal.

## ISSUES

### I.

Whether the trial court erred in granting defendant's motion for summary judgment? We hold it did.

### II.

Whether the trial court erred in not granting plaintiff's motion for summary judgment on both questions of liability and damages? We hold that it did.

## DECISION

The trial court granted defendant's motion for summary judgment without formal decision. In spite of plaintiff's demands, the record is deficient as to any specific grounds or reasons for the trial court's ruling. We are, therefore, forced to scrutinize each of defendant's four grounds for summary judgment and decide which, if any, would entitle defendant to summary judgment.

Defendant first contends that under the terms of the lease it is entitled to a credit for the insured's issuing the credit memo and that as a result thereof it has been released of all liability. We do not agree.

The following provision of the lease is pertinent in regard to the credit issue.

It is further understood and agreed that in making any adjustment for loss or damages to equipment, Lessee shall be credited with the amount of insurance payment received by Lessor under insurance policies, if an insurance recovery is effected thereunder.

The only other terms of the contract addressing insurance are those which require that defendant obtain the necessary insurance coverage. The interpretation of a single contract clause requires the contract be construed as a whole. See, *Ponderosa-Nevada, Inc. v. Venners*, 243 N.W.2d 801 (S.D.1976); *Dail v. Vodicka*, 89 S.D. 600, 237 N.W.2d 7 (1975); *Jones v. American Oil Company*, 87 S.D. 384, 209 N.W.2d 1 (1973); *Eberle v. McKeown*, 83 S.D. 345, 159 N.W.2d 391 (1968). In view of the entire contract, we find that defendant agreed (1) to obtain insurance to cover damage by fire, (2) to pay the insured for all damage arising from any cause whatsoever, and (3) to be liable for all damages while the paylogger was in its possession.

Read together, the provisions of the contract anticipate that any credit adjustment on defendant's account is contingent on defendant having been the purchaser of insurance coverage. We find these provisions as a whole leave little or no question that defendant was to be liable for any damage to the paylogger. To now construe the damage clause in a manner which renders the lessor liable would be contrary to what the contract provisions were obviously intended to do. We therefore hold that the benefit of the above insurance clause could only pertain to payments made by the insurer to plaintiff's insured *under a policy the defendant was required to purchase.* We need not determine whether it was defendant's breach that now deprives it of the benefit of this clause since we find the contract was never intended to give defendant credit *unless* it was the purchaser of insurance coverage.

Secondly, defendant contends that plaintiff acted as a *volunteer* by paying proceeds to the insured with full knowledge that defendant did not have insurance of its own. Defendant argues that plaintiff could have elected not to pay the insured under the following policy provisions:

IMPAIRMENT OF RECOVERY RIGHTS: Any act or agreement by the insured before or after loss or damage whereby any right of the insured to recover in whole or in part for loss or damage to property covered hereunder against any carrier, bailee or other party liable therefor, is released, impaired or lost, shall render this policy null and void,
.    .    . .

Defendant contends that plaintiff's insured released defendant by issuing the credit memo and that any payment by plaintiff was that of a volunteer. Defendant's contention is of course contingent on the assumption that the credit memo issued by Rapid City Implement was indeed a valid and intended release. We therefore address defendant's release and volunteer arguments jointly.

SDCL 20–7–10 provides that an obligation may be released upon new consideration or in writing, with or without new consideration. A written release is nothing more than a contract by which the parties consent to a release of obligation. *Erck v. Bachand,* 69 S.D. 330, 10 N.W.2d 518 (1943). Since a release is of a contractual nature, however, the intentions of the parties must govern. See *Auto-Owners Insurance Company v. Higby,* 57 Mich.App. 604, 226 N.W.2d 580 (1975); *Bruns v. Light,* 74 S.D. 418, 54 N.W.2d 99 (1952); *Krenz v. Medical Protective Co. of Fort Wayne, Ind.,* 57 Wis.2d 387, 204 N.W.2d 663 (1973); 66 Am.Jur.2d Release § 30 (1973). The burden lies with defendant to make a clear showing that Rapid City Implement knowingly intended to release defendant from liability. We are not convinced that the evidence supports a determination that a release was intended, especially where affidavits by plaintiff's insured specifically deny such intent. Additionally, the evidence indicates that the credit memo was nothing more than a receipt and not a contract-releasing obligation. See *Greve v. Bisson,* 69 S.D. 208, 8 N.W.2d 859 (1943); *Bruns,* supra. There being insufficient evidence to support defendant's contention that the credit memo is a release of defendant's liability, we hold that plaintiff did not act as a volunteer by paying proceeds to Rapid City Implement. Since we hold the credit memo was not intended to release defendant, we need not reach the question of whether the proceeds which passed from plaintiff to plaintiff's insured would suffice as consideration for a release.

Defendant's fourth ground in support of its summary judgment motion is that dismissal of plaintiff's insured from the action defeats plaintiff's right to subrogation.

The evidence shows that plaintiff's insured, in consideration of insurance proceeds, contractually subrogated plaintiff to the present cause of action. The proof of loss sufficiently transferred "all right, title and interest" in the paylogger to plaintiff. The only question then, is whether plaintiff thereafter jeopardized its right of subrogation by dismissing its insured as a party to this action.

We have previously held that "'an insurer is entitled to subrogation, either by contract or in equity for the amount of the indemnity paid.'" See *Schuldt v. State Farm Mut. Auto. Ins. Co.,* 89 S.D. 687, 238 N.W.2d 270 (1975); *Parker v. Hardy,* 73 S.D. 247, 41 N.W.2d 555 (1950). We agree that any right of action by the insurer must be determined at the time the action was commenced. *Employers' Mutual Casualty Company v. Hanshaw,* 176 N.W.2d 653 (Iowa 1970). In the instant case, plaintiff's insured was a party plaintiff at the time this action was commenced since plaintiff was allowed to amend its complaint. SDCL 15–6–15(c). However, even if plaintiff's insured had not been a party plaintiff at the time this action was commenced, plaintiff's right of subrogation would not be defeated. The insurer's right to subrogation is also an equitable one and we find it is not one conditioned on whether plaintiff's insured is a party to the action where the insurer has indemnified the insured.

We therefore conclude that none of defendant's grounds in support of its motion warranted the granting of it.

We now address the issue of whether the trial court erred in denying plaintiff's motion for summary judgment. Plaintiff contends it was entitled to summary judgment where defendant admittedly breached the lease agreement by failing to obtain the required insurance coverage. Accordingly, plaintiff contends that the trial court should have granted summary judgment on the issue of liability.

The contract provisions obligated defendant to procure insurance to cover the paylogger against damage caused by fire. There is no question that defendant failed to perform this contractual obligation. At the time the trial court denied plaintiff's summary judgment motion there were no facts presented by defendant to dispute that it had failed to perform that which it promised under the lease agreement.

A bailee (defendant here) is generally not under a duty to insure. See *Lehman v. Fischzang,* 52 Misc.2d 80, 274 N.Y.S.2d 971 (1966); *Traders' Compress Co. v. Precure,* 107 Okl. 191, 231 P. 516 (1924); *Farmers' Union Mercantile Co. v. Anderson,* 108 S.C. 66, 93 S.E. 422 (1917); Annot., 28 A.L.R.3d 513 (1969). However, where an agreement, such as the present one, contains express provision placing the duty to insure upon the bailee, his failure to perform such a duty will render him liable just as if he had so obtained the insurance and received the proceeds therefrom. See *Danko v. Lewy,* 149 F.2d 66 (5th Cir. 1945); *Rice Oil Co. v. Atlas Assur. Co.,* 102 F.2d 561 (9th Cir. 1939); *Shoenfeld v. Fleisher,* 73 Ill. 404 (1874); *Deming v. Merchants' Cotton-Press & Storage Co.,* 17 S.W. 89 (Tenn.1891); Annot., 28 A.L.R.3d 513 (1969). Defendant admitted its breach of the contract provision in its answer to request for admissions. Defendant therefore had the burden of making an affirmative showing that the contract provision had no effect. In attempting to do so, defendant's response to plaintiff's motion for summary judgment alleged that plaintiff's insured had waived the contract provision requiring defendant to obtain insurance. There are no pleadings or affidavits to support this general assertion by defendant. We held in *Hughes-Johnson Co. v. Dakota Midland Hospital,* 86 S.D. 361, 195 N.W.2d 519 (1972), that the opposing party to a summary judgment motion must be diligent in resisting the same. We conclude that defendant here did not set forth sufficient specific facts which would justify the denial of plaintiff's motion for summary judgment on the issue of liability. Defendant merely alleged that plaintiff had waived the lease provision requiring defendant to obtain insurance by not requiring proof that insurance had been procured. This general assertion alone is without merit where the contract places no such duty on plaintiff.

Secondly, plaintiff contends that it was entitled to summary judgment on the issue of damages and that the trial court erred in denying the same. Defendant submitted two affidavits on the issue of damages. We hold that neither of these present a genuine issue of material fact. SDCL 15–6–56(e).

The first affidavit was that of defendant's counsel, which did not present evidence of firsthand knowledge that would be admissible even if the case were to proceed to trial. When submitting affidavits in support of summary judgment motions, an attorney's affidavit is governed by the same rules of admissibility in regard to personal knowledge and competency. See *Warren Bank v. Camp,* 396 F.2d 52 (6th Cir. 1968); 10 Wright & Miller, Federal Practice & Procedure § 2738 (1973). Furthermore, an attorney's affidavit should not be utilized for summary judgment decisions unless the testimony therefrom would be admissible at trial. *Jameson v. Jameson,* 85 U.S.App.D.C. 176, 176 F.2d 58 (D.C. Cir. 1949). Neither will it be sufficient to prevent summary judgment if it merely argues law. *United States v. Coleman Capitol Corporation,* 295 F.Supp. 1016 (N.D.Ill.1969). In regard to damages, defendant's counsel's affidavit stated that he had been "advised" as to certain facts relating to value of the paylogger at the time of the salvage bid. Since these facts are not (in our opinion) based on personal knowledge, the testimony would be inadmissible at trial and the trial court should have accordingly disregarded it.

The second affidavit opposing plaintiff's summary judgment motion was that of one Arnold Frazier. Mr. Frazier's affidavit also addresses the value of the paylogger sometime after initial repairs to the paylogger. Defendant presented no testimony as to value of the equipment at the time of its damage. We find the affi-

davit submitted by Frazier was not based on firsthand knowledge of value immediately before or after the accident, thereby rendering it irrelevant to the issue of damages. Testimony in this regard would not have been admissible at trial and therefore is not worthy to support defendant's allegation that a genuine issue of material fact exists.

We therefore conclude that defendant failed to fulfill its burden under the statute by not setting forth specific facts to show that plaintiff should not recover the $7,016 it paid its insured.

Accordingly, plaintiff's motion for summary judgment should have been granted with a damage award of $7,016 plus costs, and defendant's subsequent motion for summary judgment should have been denied.

The order appealed from is reversed, and the case is remanded to the circuit court with directions to enter summary judgment in favor of plaintiff in accordance with this opinion.

All the Justices concur.

MILLER, Circuit Judge, sitting for HENDERSON, J., disqualified.