**Darla BOWEN, Plaintiff and Appellee,**

v.

**AMERICAN FAMILY INSURANCE GROUP, Defendant and Appellant.**

**Nos. 18155 and 18160.**

Supreme Court of South Dakota.

Argued May 25, 1993.

Decided Aug. 18, 1993.

N. Dean Nasser, Jr., of Nasser Law Office, Sioux Falls, for plaintiff and appellee.

Douglas M. Deibert of Cadwell, Sanford & Deibert, Sioux Falls, for defendant and appellant.

AMUNDSON, Justice.

American Family Insurance Company (American Family) appeals from a final judgment awarding Darla Bowen (Bowen) a proportionate amount of attorney fees incurred in settling her personal injury claim which included American Family's subrogation interest. Bowen files notice of review. We affirm.

### FACTS

Bowen was injured when she was involved in a motor vehicle accident with David Lee Tuenge (Tuenge) on May 20, 1990. Tuenge struck the rear of Bowen's vehicle when she slowed for traffic. Bowen was insured with American Family; Tuenge was insured with IMT Insurance Company (IMT).

Five days after the accident, on May 25, 1990, Carol Foster (Foster) of American Family wrote Tuenge to ascertain whether Tuenge was insured and, if so, with whom. Foster learned that Tuenge had a policy with IMT and that the IMT agent was State Bank of Rock Rapids, Iowa.

On June 1, 1990, IMT agreed to pay for all property damage to Bowen's vehicle. On July 10, 1990, Bowen retained Dean Nasser (Nasser) as counsel to represent her with respect to her personal injury claims. Nasser informed IMT of his representation two days later.

American Family notified IMT of its subrogation interest for medical expenses on August 6, 1990. IMT responded on August 28, informing American Family that its subrogation interest would be protected upon settlement with Bowen. American

Family accordingly kept IMT apprised of the increasing amount of subrogation until it reached its maximum amount of $2,000.00. On December 12, 1990, subsequent to receipt of IMT's letter, American Family sent Bowen a release and subrogation agreement requiring Bowen to do whatever was necessary to secure American Family's subrogation rights.

On April 18, 1991, Nasser reached a tentative settlement with IMT regarding compensation for Bowen's personal injuries. The agreement provided a total of $16,-500.00 in payments, $2,000.00 of which would cover American Family's subrogation interest. Nasser contacted representatives of American Family to verify the amount of American Family's subrogation interest and informed them that such interest would be protected in the settlement subject to the apportionment of the costs of litigation (a one-third contingent of attorney fees plus sales tax and costs). Claiming its subrogation interest was protected through its own efforts and not those of Nasser, American Family denied any responsibility for attorney fees and demanded the entirety of its $2,000.00 subrogation interest. Bowen was allowed to recover the $14,500.00 balance of the settlement while the parties disputed whether the $2,000.00 subrogation interest was subject to attorney fees.

Both parties filed motions for summary judgment which the court denied. The parties then submitted the issue of attorney fees to the court on stipulation. The trial court held that American Family was obligated for a proportionate share of attorney fees expended in reaching settlement. American Family appeals and Bowen files notice of review claiming that she was entitled to summary judgment as initially requested.

## ISSUE

Whether an insurer's subrogation interest is subject to a proportionate share of attorney's fees incurred by the insured in securing settlement?

## ANALYSIS

■ We will not disturb the findings of the trial court unless they are clearly erroneous. *Wiggins v. Shewmake,* 374 N.W.2d 111, 114 (S.D.1985). "In applying this standard, we will overturn the findings of the trial court only when, after review of all the evidence, we are left with a definite and firm conviction that a mistake has been made." *Id.*

■ American Family asserts that Nasser played no role in securing its subrogation payment. It thus claims it should not be responsible for attorney fees on its subrogation proceeds. While this court has not previously addressed the issue of attorney fees in the recovery of a subrogated interest, we have long recognized that a subrogated interest may not be split from an insured's cause of action against a tortfeasor.

It is a well settled rule of law that an insurer is entitled to subrogation, either by contract or in equity for the amount of the indemnity paid. When the indemnity paid by the insurer covers only part of the loss, as in this case, leaving a residue to be made good to the insured by the wrongdoer, the right of action remains in the insured for the entire loss. In these cases the insured becomes a trustee and holds the amount of recovery, equal to the indemnity for the use and benefit of the insurer. The rule is founded on the principle that the wrongful act was single and indivisible, and gives rise to but one liability. Upon this theory the splitting of causes of action is avoided and the wrongdoer is not subjected to a multiplicity of suits.

*Parker v. Hardy,* 73 S.D. 247, 248, 41 N.W.2d 555, 556 (1950) (citations omitted). *See also Sodak Distrib. Co. v. Wayne,* 77 S.D. 496, 499, 93 N.W.2d 791, 793 (1958). Bowen's cause of action against IMT thus included seeking the subrogation rights of American Family.

■ In addressing an insurer's responsibility for attorney fees on a subrogated claim, the Nebraska Supreme Court relied on the indivisibility of a claim as enunciated in *Parker. Krause v. State Farm Mutual*

*Auto. Ins. Co.,* 184 Neb. 588, 169 N.W.2d 601, 604, *modified,* 184 Neb. 638, 170 N.W.2d 882 (1969). The court found that the insured's cause of action imposes on him a trust for the funds coming into his hands and obligates him, under a fiduciary duty, to account for a proportionate amount of the proceeds for the subrogation interest. *Id.* at 604. "The right to an attorney's fee follows as a matter of course, since the services rendered by the attorney are beneficial to the administration of the trust and the rights of the beneficiary and as such he is entitled to a proportionate award of an attorney's fee." *Id.* American Family was a beneficiary of Bowen's settlement. It naturally follows that American Family should bear a proportionate share of the attorney fees that were incurred in obtaining the settlement.

In addition, the *Krause* court reiterated the rule of law established in the seminal case of *United Servs. Auto. Ass'n v. Hills,* 172 Neb. 128, 109 N.W.2d 174 (1961).

> "The applicable rule is that where the holder of the subrogation right does not come into the action, whether he refuses to do so or acquiesces in the plaintiff's action, but accepts the avails of the litigation, he should be subjected to his proportionate share of the expenses thereof, including attorney's fees."

*Krause,* 169 N.W.2d at 603 (quoting *Hills,* 109 N.W.2d at 177). This rule has subsequently been nearly unanimously adopted in all jurisdictions faced with the issue of attorney fees on a subrogated interest recovered either by judgment or settlement. *Krause,* 169 N.W.2d at 604; *State Farm Mutual Auto. Ins. Co. v. Geline,* 48 Wis.2d

290, 179 N.W.2d 815, 820 (1970); Annotation, *Right of Attorney for Holder of Property Insurance to Fee Out of Insurer's Share of Recovery from Tortfeasor,* 2 A.L.R.3d 1441 (1965).

American Family argues that it in no way joined Bowen's action, but settled its subrogation interest directly with IMT. While American Family was not actively involved in the settlement negotiation between IMT and Bowen, American Family did notify Bowen during the settlement negotiations time frame that Bowen was obligated to protect its subrogation interest. There is no question that American Family's policy with Bowen so provided.[1]

When so notifying Bowen, American Family sent its form release and subrogation agreement.[2] This notice was given to Bowen approximately three months after American Family claims to have reached agreement with IMT. Notwithstanding this settlement of its subrogation interest, American Family's communications to Bowen made no mention of same. Likewise, neither the contract of insurance nor the subrogation agreement advise the insured that in fulfilling his duty of protecting the insurer's subrogation interest he will be responsible for all attorney fees incurred in obtaining settlement with the third party's insurer. There is no dispute of the fact that any claim for damages is the sole right of the insured. Therefore, until the insured has reached a settlement or obtained a verdict, there are no funds available to pay any subrogation interest of a claimant's insurer.

American Family relies on *Moyer & Moyer v. State Farm Mutual Ins. Co.,* 190

---

1. This policy issued to Bowen provides in part as follows:

**Our Recovery Rights.** If **we** pay under this policy, **we** are entitled to all the rights of recovery of the person to whom payment was made against another. That person must sign and deliver to **us** any legal papers relating to that recovery, do whatever else is necessary to help **us** exercise those rights and do nothing after loss to harm **our** rights.

When **we** pay damages under this policy to a person who also collects from another, the amount collected from the other shall be repaid to **us** to the extent of **our** payment.

PART VI—GENERAL PROVISIONS ¶ 5.

2. This subrogation agreement provides in the last paragraph as follows:

I also agree that said company shall be subrogated to all of my rights of recovery to the extent of the above-stated payment against any person or organization responsible for my loss, and I will execute and deliver instruments and papers and do whatever else is necessary to secure such rights and do nothing to prejudice such rights.

Neb. 174, 206 N.W.2d 644 (1973), wherein the insurer was not required to pay a proportionate share of attorney fees in recovering its subrogation interest. However, the insurer in *Moyer* was paid its subrogation interest by the third party *before* the insured was able to obtain a settlement. The court denied a recovery because the insurer had received no benefit from the insured's attorney. In this case, the communication from IMT to American Family clearly stated that American Family's subrogation interest would be protected "upon settlement with Miss Bowen." While American Family argues that its own communication with IMT insured the protection of its subrogation interest, it was Bowen's settlement with IMT that made the payment of American Family's interest possible. American Family benefitted from Bowen's efforts in securing payment from a third party—efforts American Family itself required of Bowen. American Family must accordingly bear a proportionate share of the cost of obtaining that benefit.

Under the facts of this case, we are not left with a definite and firm conviction that the trial court made a mistake in requiring the insurer to pay a proportionate share of attorney fees for the recovery of its subrogated interest. American Family argues that an award of attorney fees in this case will have a cataclysmic effect on the insurance industry. We do not perceive such an impact, since this decision is based solely on the facts presented in this litigation. Further, it is fairly obvious that a company can avoid attorney fees by simply providing for same in their contract of insurance or subrogation agreement. At a bare minimum, a company should at least make their insured aware that the company has settled its subrogation claim with the other party's insurer and will not be responsible for any attorney fees incurred by its insured in obtaining a settlement or judgment for their damages. If the insured is aware that his insurer will not pay any attorney fees, the injured insured can then avoid being obligated for attorney fees to his attorney on the total amount of a settlement or judgment. The order of the trial court is accordingly affirmed.

MILLER, C.J., and HENDERSON and SABERS, JJ., concur.

WUEST, J., concurs in result.

WUEST, Justice (concurring in result).

I concur in the result reached by the majority. In my opinion, however, the wrong standard of review has been applied. It is my opinion the standard of review presents a question of law rather than a factual question. We review questions of law by determining whether or not there has been an abuse of discretion by the trial court, while questions of fact are reviewed under a clearly erroneous standard. Under either standard, the trial court should be affirmed in this case.

Lastly, I would not advise the insurance company how to avoid payment of attorney fees. They can get that advice from their legal counsel and besides it is dicta.