## SIMMONS v. FRIDAY et al.
### No. 14299.

United States Court of Appeals
Eighth Circuit.

Aug. 7, 1951.

Rehearing Denied Sept. 8, 1951.

See also, 177 F.2d 907.

Arthur U. Simmons, Clayton, Mo., pro se.

Jesse T. Friday and Samuel H. Liberman, St. Louis, Mo. (E. J. Doerner, Tulsa, Okl., on the brief), for appellees.

Before WOODROUGH, THOMAS and JOHNSEN, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal by the defendant from an order of the court awarding attorney fees against the estate of G. A. Franz, deceased.

A concise history of the litigation involved may be found in the opinion of this court in Buder v. Fiske, 8 Cir., 174 F.2d 260. It will be unnecessary, therefore, to do more than state in outline the facts pertinent to the immediate controversy.

In brief, Erhardt D. Franz died testate in 1898, leaving to his widow Sophie a life estate in all of his property with remainder over to his ten children. In 1909 Sophie, the widow, created a trust including in the trust estate all of her own property and all of the property in which she had a life interest under the will of her deceased husband. The trustees named in the trust instrument were G. A. Buder, one of her attorneys, and G. A. Franz, one of the remaindermen under the will of Erhardt D. Franz.

The trustees in a final report filed June 22, 1931, claimed and were granted a five percent commission in six and two-thirds interests of the trust estate as compensation for their services. The owners of five of the 6⅔ interests in the remainder estate filed a motion attacking the allowance of the five percent commission. They were represented by the appellees here, Friday

and Doerner. The motion was denied and upon appeal to this court the ruling was reversed in 1942. Fiske et al. v. Buder et al., 8 Cir., 125 F.2d 841, 849.

Soon after the decision of this court just referred to the trial court "of its own motion" entered an order directing the surviving trustee, Buder, to employ Ernst & Ernst, accountants, to prepare and file an audit and final accounting of the estate of Erhardt D. Franz from June 22, 1931, to the date of filing the same. Their report was filed August 25, 1942. Exceptions to this report were filed by appellees Friday and Doerner on behalf of six of the ten interests in the estate. Although appellee Liberman filed no exceptions to this report, he appeared as attorney for the Mississippi Valley Trust Company, administrator c. t. a. of the estates of two of the deceased remaindermen children of Erhardt D. Franz, and participated in the proceeding in the trial court and upon appeal to this court. Some of the exceptions were denied, but four were sustained. Buder v. Fiske, 8 Cir., 174 F.2d 260, and Buder v. Fiske, 8 Cir., 177 F.2d 907. The result was that the trustees were surcharged for the following items:

$45,000.00 for 600 subscription rights to Burroughs Adding Machine Co. stock, retained as a five per cent commission;

$100,795.46 as advancements from the estate of Sophie Franz and interest thereon of $98,410.32, subject to certain conditions;

$115,000.00 attorney fees paid to Buder & Buder, their attorneys;

$7,305.76 interest on funds of the trust estate commingled with private funds of Buder & Buder, attorneys.

Appellant's decedent, G. A. Franz, was one of the two trustees of the trust estate and was, therefore, a defendant in both of the cases. By the decisions in these cases he lost his one-half interest in the five percent commission case, and in the other case he lost one-half of the surcharges allowed against the trustees. He was also one of the ten remaindermen under the will of his father, Erhardt D. Franz, and the appellant accepted and received his one-tenth of the amounts recovered in both cases.

The appellees Friday and Doerner were employed and represented in both cases five of the remainder interests, and they applied for an allowance of attorney fees against the appellant on the ground that the estate of G. A. Franz had accepted the benefit of their services in both cases. Liberman appeared in the second case only in support of the exceptions to the Ernst & Ernst report, and he asks for a judgment for the value of his services to the appellant in that case.

The court found that the proceedings in both cases "resulted in large benefits being conferred upon the Estate of G. A. Franz, Deceased * * *" and that the Administrator "has accepted and received the said benefits conferred as a result of said services."

In the first or commission case the court entered judgment against appellant for $10,000 in favor of appellees Friday and Doerner as the reasonable value of their services.

In the second case for prosecuting the exceptions to the Ernst & Ernst report judgment was entered against appellant in favor of Friday, Doerner and Liberman for $10,500, of which sum Friday and Doerner should receive $7,000 and Liberman $3,500.

The appellant did not employ the appellees. Friday and Doerner were employed by five of the 6⅔ remainder interests who have paid or will pay them for their services in both cases. Liberman in the second case represented the estates of two deceased owners of one-tenth interest each, and for his services in that case he had been allowed and was paid fees of $15,000 by each estate, or $30,000 in all.

The appellant's first contention here is that the court in granting the fees in question erred, in that the legal services rendered by appellees for their clients were not beneficial to the estate of G. A. Franz but on the contrary were distinctly detrimental to it.

The general rule of law applicable is stated in Hobbs v. McLean, 117 U.S.

567, 582, 6 S.Ct. 870, 877, 29 L.Ed. 940, as follows: "When many persons have a common interest in a trust property or fund, and one of them, for the benefit of all and at his own cost and expense, brings a suit for its preservation or administration, the court of equity in which the suit is brought will order that the plaintiff be reimbursed [for] his outlay from the property of the trust, or by proportional contribution from those who accept the benefits of his efforts." See, also, Trustees v. Greenough, 105 U.S. 527, 26 L.Ed. 1157, and Central Railroad & Banking Co. v. Pettus, 113 U.S. 116, 5 S.Ct. 387, 28 L.Ed. 915. In the Pettus case, 113 U.S. at pages 124 and 125, 5 S.Ct. at page 391, it was said that " * * * when an allowance to the complainant is proper on account of solicitors' fees, it may be made directly to the solicitors themselves, without any application by their immediate client." And see Nolte et al. v. Hudson Navigation Co., et al., 2 Cir., 47 F.2d 166. "In all such cases liability is measured, not by the amount of time and energy expended by the laboring party but by the value of such services to the beneficiary." In re Irving-Austin Bldg. Corporation, 7 Cir., 100 F.2d 574, 578. Such allowances must be made "with moderation and a jealous regard for the rights of those who are interested in the fund." Trustees v. Greenough, 105 U.S. 527, 536, 26 L.Ed. 1157.

The situation here differs from the ordinary case. The appellant was the defendant in both the five percent commission case and in the case involving the exceptions to the Ernst & Ernst report. He lost by those decisions far more than he benefited. It is not the law in the ordinary case to require a litigant to pay the fee of opposing counsel. Abbott, Puller & Myers v. Peyser, 75 App.D.C. 162, 124 F.2d 524, 525. "There is no implied promise to pay an attorney whom one has not employed, because of incidental benefits derived from his services." Lamar v. Hall & Wimberly, 5 Cir., 129 F. 79, 84; Wallace v. Fiske, 8 Cir., 80 F.2d 897, 904; Davis v. Seneca Falls Mfg. Co., 2 Cir., 17 F.2d 546; 7 C.J.S., Attorney and Client, § 193(b) (2).

The appellant relies upon such cases as Brown v. Pennsylvania R. Co., 3 Cir., 250 F. 513, certiorari denied, 248 U.S. 558, 39 S.Ct. 6, 63 L.Ed. 420, in which case the Railroad Company was required to pay out nearly $2,000,000 to redeem bonds of the Pennsylvania Canal Company, for which payment it was found to be responsible. The Railroad Company owned 384 of the bonds. In all the proceedings the interest of the bondholders and that of the Railroad Company were adverse. The court held that no part of the sum awarded to counsel for the plaintiff bondholders should be charged against the 384 bonds held by the Railroad Company; that "its relation as bondholder is incidental and may be disregarded."

In Wallace v. Fiske, 8 Cir., 80 F.2d 897, 908, which was a suit for attorney fees involving this same Erhardt D. Franz estate, this court said: "It is important in most cases that there should be acceptance either express or implied as distinct from a benefit that is purely incidental." Citing Tull v. Nash et al., 9 Cir., 141 F. 557, and Davis v. Seneca Falls Mfg. Co., 2 Cir., 17 F.2d 546. In the Wallace case it was held that Wallace's services were not purely incidental and that since the benefits thereof were accepted by the parties they should contribute to the counsel fees involved, even though they had opposed the labor of the attorney throughout the litigation.

The appellees contend that as a result of the elimination of the trustees' commissions in the case of Fiske v. Buder, 8 Cir., 125 F.2d 841, the estate of appellant's decedent, G. A. Franz, was increased in the sum of $43,275.50, and as a result of the imposition of surcharges, Buder v. Fiske, 8 Cir., 174 F.2d 260, against the trustees in the amount of $43,843.07, the increase totaling $87,118.57. Since G. A. Franz as a remainderman was entitled to but one-tenth of the corpus of the estate, the entire estate was therefore augmented ten times this amount, or in the amount of $871,185.70. This increase in the appellant's estate was purely incidental; and the court must recognize the fact that G. A. Franz's estate by this same litigation lost one-half of $871,185.70 or $435,592.85. If

we substract the "benefits", $87,118.57, from the "detriment", $435,592.85, the litigation resulted in a net loss to the estate of G. A. Franz of $348,474.28. For their labor in producing this result the court allowed the appellees fees aggregating $20,500 against appellant, or nearly 25% of the amount received and accepted by him, in addition to the amounts paid by their own clients.

In this respect the case differs from the situation in Wallace v. Fiske, 8 Cir., 80 F.2d 897, and Fiske v. Wallace, 8 Cir., 117 F.2d 149, both of which involved attorney fees in the Erhardt D. Franz estate, wherein this court approved an award for fees against remaindermen who had first defended against the effort of counsel but who afterwards discovered that they were benefited instead of prejudiced by his labors and accepted the benefits. In those cases the remaindermen lost nothing by the litigation. The result was all gain, and they were required to contribute to the counsel's fees. In the sense in which the term was used by the court in Brown v. Pennsylvania R. Co., supra, the relation of G. A. Franz's estate as a remainderman was "incidental." See 42 C.J.S., Incidental, page 520, where "incidental" is defined as "An adjective which has reference to something which is subordinate to, and dependent on, and follows the existence of another and principal thing * * * a * * * relation * * * which is secondary and nonessential, as incidental result or benefit, * * *."

Another consideration pertinent to and relating to the equities involved is that the $87,118.57 of so-called benefits belonged to the estate of G. A. Franz all the time. It was taken away by the activities and labor of appellees and returned by operation of law and the decree of the court which allotted the funds involved to the ten remaindermen in equal shares. The proceedings were not carried on in any real sense for the benefit of the appellant estate but wholly for the benefit of the other nine remaindermen. In such case the appellant should not be compelled to pay for services rendered for others adverse to

his interest. Hobbs v. McLean, 117 U.S. 567, 582, 6 S.Ct. 870, 29 L.Ed. 940.

In the view we take of the case it is unnecessary to consider other contentions of the parties.

Reversed.