MOYER & MOYER, A PARTNERSHIP, ET AL., APPELLEES, V. STATE FARM MUTUAL INSURANCE COMPANY, A CORPORATION, APPELLANT.

206 N. W. 2d 644

Filed April 27, 1973. No. 38742.

Deutsch & Hagen and Thomas H. DeLay, for appellant.

George H. Moyer, Jr., and Moyer & Moyer, pro se.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

This was an action to recover attorneys' fees alleged to be due the plaintiffs for their services in creating a trust fund from which a subrogation claim of the defendant was paid. The plaintiffs recovered $147.63 in the District Court. The defendant appeals.

Arnold L. Gruchow was injured in an automobile accident on July 19, 1965, when an automobile operated by Charles A. Reikofski collided with the rear of the Gruchow automobile. Gruchow was insured by the defendant, and his claim under his collision coverage was adjusted on the basis of a total loss. The defendant paid Gruchow $642.90 which represented the value of his automobile less a $50 deductible. The defendant realized $200 from the salvage so its loss was $442.90.

Reikofski was insured by Protective Fire and Casualty Company. On July 28, 1965, Protective assigned its claim to Crocker Claims Service for handling.

On or about August 1, 1965, Gruchow employed J. R. Mapes to represent him. Moyer & Moyer became associated with Mapes in the case on October 18, 1965.

On August 28, 1965, the defendant presented its subrogation claim directly to Protective. Protective replied that the personal injury claim of Gruchow would have to be disposed of before a decision could be made with respect to the subrogation claim.

On August 23, 1966, Mapes wrote to the defendant inquiring whether the defendant wanted Mapes to represent the defendant in settlement negotiations with Crocker Claims Service. The defendant replied that it was unable to advise Mapes at that time concerning the handling of the property damage claim.

The defendant then wrote to Protective inquiring whether Protective intended to pay the subrogation claim in full. On September 7, 1966, Protective sent a release to the defendant stating that upon receipt of the release properly executed, the claim would be paid in full. The release was returned to Protective on September 12, 1966. On the same day the defendant wrote to Mapes stating that the defendant was handling its claim directly with Protective and that Protective was paying the defendant's claim in full. A draft was sent to the defendant on September 14, 1966.

On October 26, 1966, Moyer & Moyer wrote to the defendant inquiring whether the property damage claim should be included in a petition that was to be filed. A petition was filed on November 7, 1966, against Reikofski in which it was alleged that Gruchow's automobile had been totally destroyed in the accident.

A pretrial order filed March 11, 1968, contained a stipulation that any issue as to damage to Gruchow's automobile would be reserved until after trial; and that if Gruchow recovered any amount from Reikofski, $50 would be added to the recovery and accepted as the full amount of automobile damages claimed by Gruchow.

Trial was had on April 23, 1968. The jury returned

a verdict in the amount of $4,097.77 for Gruchow and the trial court added $50 to this amount in accordance with the pretrial order.

This action was commenced on June 30, 1970, to recover the fair and reasonable value of plaintiffs' services in creating a trust fund from which the defendant's subrogation claim was paid. The plaintiffs rely on United Services Automobile Assn. v. Hills, 172 Neb. 128, 109 N. W. 2d 174, 2 A. L. R. 3d 1422, and Krause v. State Farm Mut. Auto. Ins. Co., 184 Neb. 588, 169 N. W. 2d 601.

In the Hills case an action was filed which included both the personal injury and the automobile damage. After the action had been commenced, the insurer requested the subrogation claim be deleted from the action. Hills refused to do so and proceeded to collect the insurer's subrogation claim as well as his client's damages. This court held Hills could recover a fee from the insurer on the theory that the insurer accepted the avails of the litigation and was obligated to pay a proportionate share of the expenses. The Krause case was decided upon demurrer. Krause alleged the insurer was aware of his efforts and had acquiesced in the negotiations which resulted in the settlement. Neither case is applicable to the facts in this case.

The plaintiffs have no right to compensation from the defendant unless they have benefited the defendant. The record in this case shows the plaintiffs' services to Gruchow conferred no benefit upon the defendant.

The accident in question was a rear-end collision in broad daylight. In a letter to Crocker Claims Service on August 26, 1965, Protective stated: "After reviewing the file, we would agree that this should be considered a case of liability, and an effort made to make settlement of the personal injury and property damage claims of Arnold L. Gruchow."

The property damage claim was, for all practical pur-

poses, a liquidated amount. The bodily injury claim was an unliquidated amount. Consequently, Protective was willing to pay the subrogation claim in full directly to the defendant which it did on September 14, 1966. The record will not support a finding that the defendant received any substantial benefit from the services of the plaintiffs in their representation of Gruchow. The defendant had been paid in full long before any fund was created by the efforts of the plaintiffs.

The statement in the opinion in the Krause case to the effect that the rule in Hills cannot be avoided by direct payment to the collision carrier is limited by the facts in the Krause case.

The judgment of the District Court is reversed and the cause remanded with directions to dismiss the action.

REVERSED AND REMANDED WITH DIRECTIONS.