THOMAS CLASSEN, DOING BUSINESS AS CLASSEN MFG., APPELLANT, V. BECTON, DICKINSON AND COMPANY, A CORPORATION, ET AL., APPELLEES.

334 N.W.2d 644

Filed June 3, 1983. No. 82-764.

Thomas H. DeLay of Mueting, DeLay & Stoffer, for appellant.

Mark M. Sipple and Luckey, Sipple & Hansen, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

BOSLAUGH, J.

The sole issue in this case is whether the plaintiff was entitled to prejudgment interest on any part of the judgment recovered against the defendant.

The plaintiff, Thomas Classen, doing business as Classen Mfg., is a supplier of steel for structures. The defendant Roth Construction Co., Inc., is a corporation engaged in contracting and the construction of buildings. In April 1979 the plaintiff agreed to supply the steel to be used in a building being constructed by the defendant. The contract was for $114,995 of steel plus 3 percent Nebraska sales tax.

As the construction proceeded the plaintiff supplied steel to the defendant and the defendant paid invoices amounting to $98,094.38. The defendant refused to pay the invoice dated May 30, 1979, in the amount of $20,350.74 and claimed that it was entitled to damages for delay and misfabrication of steel supplied by the plaintiff.

The plaintiff filed a mechanic's lien on September 25, 1979, and commenced this action on May 1, 1981, to foreclose its lien. The defendant filed an answer and "set off," claiming there was $3,152.01 due it as damages for late delivery and misfabrication of steel.

The trial court found that the plaintiff should recover judgment against the defendant in the amount of $18,973.94, without prejudgment interest, but with interest at the highest legal rate from October 29, 1982, the date of the judgment, and that if the judgment was not paid within 20 days an order of sale should issue. The plaintiff has appealed and contends that the trial court should have awarded prejudgment interest at the rate of 18 percent from 30 days after May 30, 1979, the date of the last invoice which the defendant refused to pay. There is no cross-appeal.

The general rule is that prejudgment interest may be recovered on claims that are liquidated. A claim is liquidated if the evidence furnishes data which, if believed, makes it possible to compute the amount with exactness, without reliance upon opinion or discretion. *First Data Resources, Inc. v. Omaha Steaks Int., Inc.*, 209 Neb. 327, 307 N.W.2d 790 (1981). Where a reasonable controversy exists as to the plaintiff's right to recover or as to the amount of such recovery, the claim is generally considered to be unliquidated and prejudgment interest is not allowed. *Langel Chevrolet-Cadillac v. Midwest Bridge*, 213 Neb. 283, 329 N.W.2d 97 (1983).

In this case the only dispute between the parties involved the defendant's claim for damages in the amount of $3,152.01 alleged to be caused by the plaintiff's delay in furnishing steel and in misfabricating some of the steel supplied. The defendant pleaded the claim as a setoff to be deducted from the amount due the plaintiff.

The original contract price was for $114,995 plus sales tax. The defendant paid $98,094.38 to the plaintiff. On September 5, the defendant wrote to the plaintiff enclosing a check in the amount of $13,876.54, which the defendant stated would make the plaintiff "paid up in full." The defendant's computation omitted sales tax, misstated the amount paid, and included the disputed credit in the

amount of $3,152.01. The plaintiff treated the letter as an offer to compromise and did not cash the check.

The trial court found that it was agreed by all parties that there was $17,723.94 due the plaintiff; that the plaintiff should recover an additional $1,250; and should recover judgment in the amount of $18,973.94. These findings are not challenged on the appeal.

The record shows that $17,723.94 of the amount due the plaintiff was not disputed and therefore was a liquidated claim. The plaintiff was entitled to interest on that amount at the rate of 18 percent from 30 days after May 30, 1979.

The defendant's objection that the contract rate of 18 percent was usurious is unavailing, since the defendant was a corporation. A corporation may agree to pay any rate of interest by an agreement in writing which sets out the amount or the rate charged. Neb. Rev. Stat. § 45-101.04(2) (Cum. Supp. 1982); *Northland Mortgage Co. v. Royalwood Estates, Inc.*, 190 Neb. 46, 206 N.W.2d 328 (1973).

The judgment should be modified to provide that the plaintiff shall recover interest at the rate of 18 percent per annum on $17,723.94 from 30 days after May 30, 1979. In all other respects the judgment should be affirmed.

The cause is remanded with directions to modify the judgment in conformity with this opinion.

REMANDED WITH DIRECTIONS.

WHITE, J., concurs in the result.