LAND PAVING CO., A NEBRASKA CORPORATION,
APPELLANT, V. D. A. CONSTRUCTION COMPANY, INC., A
NEBRASKA CORPORATION, APPELLEE.

338 N.W.2d 779

Filed September 30, 1983.   No. 83-170.

C. Robert Vote of Young & White, for appellant.

Dennis E. Martin of Dwyer, O'Leary & Martin, P.C., for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

The issue upon this appeal is whether the plaintiff was entitled to prejudgment interest.

The action was brought to recover $8,329.68, the balance due the plaintiff on an express contract for paving a parking lot. There was no dispute about the amount due the plaintiff if the work was performed satisfactorily.

The defendant's answer alleged the work had not been substantially performed in a good and workmanlike manner. The defendant counterclaimed for damages in the amount of $25,749.50, an amount

alleged to be required to bring the work into compliance with the plans and specifications.

After trial to the court, the court found that the plaintiff had substantially performed the contract and that the complaints of the defendant were minute when viewed with the overall performance of the plaintiff. The plaintiff recovered judgment in the amount of $8,329.68, together with costs and interest at the statutory rate from July 19, 1979. The defendant's motion for new trial was overruled on February 3, 1983, but the trial court modified its judgment by deleting the award of prejudgment interest. The order recites that the modification was made to comply with *Langel Chevrolet-Cadillac v. Midwest Bridge*, 213 Neb. 283, 329 N.W.2d 97 (1983).

We recently restated the applicable rules in *Classen v. Becton, Dickinson & Co.*, 214 Neb. 543, 545, 334 N.W.2d 644, 645 (1983), as follows: "The general rule is that prejudgment interest may be recovered on claims that are liquidated. A claim is liquidated if the evidence furnishes data which, if believed, makes it possible to compute the amount with exactness, without reliance upon opinion or discretion. *First Data Resources, Inc. v. Omaha Steaks Int., Inc.*, 209 Neb. 327, 307 N.W.2d 790 (1981). Where a reasonable controversy exists as to the plaintiff's right to recover or as to the amount of such recovery, the claim is generally considered to be unliquidated and prejudgment interest is not allowed. *Langel Chevrolet-Cadillac v. Midwest Bridge*, 213 Neb. 283, 329 N.W.2d 97 (1983)."

In the present case the findings of fact by the trial court are not challenged, and no bill of exceptions has been filed in this court. The effect of the trial court's findings were to determine that no reasonable controversy existed as to the plaintiff's right to recover, or the amount of the recovery. The claim was liquidated and the plaintiff was entitled to prejudgment interest as originally determined by the trial court in its judgment of December 22, 1982.

The order of February 3, 1983, did not vacate or set aside any of the findings made on December 22, 1982, and was based upon an interpretation of the opinion in *Langel Chevrolet-Cadillac v. Midwest Bridge, supra.*

In the *Langel* case, as distinguished from this case, the evidence showed that Langel was entitled to damages, which proof defeated Midwest's claim for prejudgment interest. Where the claim is otherwise liquidated, prejudgment interest should be denied only when the evidence shows there is a reasonable controversy as to the plaintiff's right to recover or as to the amount of such recovery.

The judgment of the District Court is reversed and the cause remanded with directions to reinstate the judgment of December 22, 1982.

REVERSED AND REMANDED WITH DIRECTIONS.