James D. Hill and Kenneth L. Ideen, in person and for all persons similarly situated, appellants and cross-appellees, v. City of Lincoln, Nebraska, a municipal corporation, appellee and cross-appellant.

380 N.W.2d 296

Filed January 24, 1986.   No. 85-257.

Edward F. Carter, Jr., of Barney, Carter & Johnson, P.C., for appellant Shaeffer.

J. Murry Shaeffer of Shaeffer, Boucher & Hawk, P.C., for appellants Hill and Ideen et al.

William G. Blake of Pierson, Ackerman, Fitchett, Akin & Hunzeker, for appellee City of Lincoln.

Ronald Rosenberg of Rosenberg Law Offices, for appellees members Lincoln Police Union Local No. 544.

Charles F. Noren, for appellees employees affected by the decision.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

This case was brought as a class action and sought the return of a certain portion of wage deductions which had been contributed to the funding of retirement benefits for policemen and firemen employed by the City of Lincoln.

The appeal on the substantive issue was decided by our opinion found in *Hill v. City of Lincoln*, 213 Neb. 517, 330 N.W.2d 471 (1983). The effect of that decision was to entitle some or all of the members of the class to a refund of a part of their withholdings, but at the same time to mandate smaller retirement benefits than those previously computed.

The present appeal is actually in two segments, involving two different sets of parties. Appellant J. Murry Shaeffer, the attorney for the "class," claims the trial court erred in failing to award him an attorney fee from the "fund" which he generated. Appellants Hill and Ideen, on behalf of the "class," object to the claimed insufficiency of prejudgment interest awarded by the trial court following the initial remand of the case.

Appellees in the Shaeffer appeal include certain members of the "class" who object to the award of any attorney fee, as well as those policemen and firemen who opted out of the "class." In the Hill-Ideen appeal the appellee is the City of Lincoln.

A reference to the opinion cited above will reveal that for pension purposes the city had been withholding a portion of wages computed on the base pay of each employee, as well as on overtime pay, remuneration for holiday service, and college credits. In interpreting the statute, we held that sums computed on anything in excess of base pay must be refunded. This was obviously a benefit to those employees affected. However, we

also determined that pension benefits, which had been figured in the same way, must also rest on the same foundation; i.e., base pay rather than total remuneration. This could prove to be detrimental to the employees affected.

As matters now stand, because of the disparate effect this litigation had upon each employee, a serious doubt must be entertained as to whether this was in fact a proper case for class litigation. However, that question has not been raised.

A review of the record leaves little doubt that the employees received a benefit from this litigation. Recomputation of the amounts which should have been deducted from wages resulted in the ascertainment of refunds aggregating in excess of $200,000. By the same token, it cannot seriously be questioned that retirement benefits, which must now be computed on the same smaller wage figures, will be proportionately less. However, the record does not deal in specifics. The appellant Shaeffer made no effort to present evidence in that regard. It was his burden to show a benefit conferred upon the "class." *Moyer & Moyer v. State Farm Mut. Ins. Co.*, 190 Neb. 174, 206 N.W.2d 644 (1973).

In dealing with benefits to a class for the purpose of awarding an attorney fee, we must look to the "net" benefit. In *Simmons v. Friday*, 190 F.2d 849 (8th Cir. 1951), the court denied an attorney fee in litigation allegedly benefiting one of the parties. In doing so it stated at 851-52:

> Since G. A. Franz [the decedent] as a remainderman was entitled to but one-tenth of the corpus of the estate, the entire estate was therefore augmented ten times this amount, or in the amount of $871,185.70. This increase in the appellant's estate was purely incidental; and the court must recognize the fact that G. A. Franz's estate by this same litigation lost one-half of $871,185.70 or $435,592.85. If we subtract the "benefits", $87,118.57, from the "detriment", $435,592.85, the litigation resulted in a net loss to the estate of G. A. Franz of $348,474.28.

The record does disclose testimony of several of the appellees' witnesses that this particular litigation did not prove beneficial to the employees' interests because of the decrease in pension rights. The evidence was of questionable validity

because of the weakness of the foundation for such opinions. However, the fact remains, as earlier stated, that the appellant Shaeffer offered no evidence at all in this regard.

We see little difference between the burden Shaeffer has in this instance of showing a net benefit to the class and that of one trying to prove a case of lost profits in a breach of contract action. In the latter instance the burden of proof is not met by the plaintiff's evidence of probable gross sales. It is incumbent upon such plaintiff to show such items as cost of merchandise, labor, and other expenses tending to establish net profits. Such items need not be proven by the defendant.

It is the duty of the plaintiff to present some evidence from which the amount of loss reasonably can be computed. *Raskin v. Seldin Dev. & Management Co.*, 213 Neb. 729, 331 N.W.2d 783 (1983).

In *Midlands Transp. Co. v. Apple Lines, Inc.*, 188 Neb. 435, 438, 197 N.W.2d 646, 648 (1972), this court said:

> Plaintiff testified that his gross receipts amounted to $8 to $10 a day before defendant began to compete but that subsequent to such competition his gross receipts amounted to only $4 or $5 a day. There was no evidence as to plaintiff's business expense except the fact that he merely paid expenses when his gross receipts diminished. With language extremely applicable to the instant situation the court discussed the plaintiff's burden in such an instance: "Plaintiff must not only show in such a case his right of recovery but the elements and facts which compose the measure of his recovery and not leave the jury to rove without guide or compass through the limitless fields of conjecture and speculation."

The trial court was correct in finding that the appellant Shaeffer failed in his burden of proving a benefit to the class.

After hearings following the mandate from this court, the district court concluded that the plaintiffs' claims were liquidated and that the city must pay interest. However, it decreed that such interest would be payable only from May 25, 1979, the date upon which this action was filed, and until October 19, 1983, the date upon which the trial court concluded its hearing on the question of interest.

The district court gave no explanation of its limitation as to the May 25 date other than to recite that it was equitable for such interest to be computed only from and after that date. The order went on to state: "The hearing upon Plaintiffs' attorneys fees having been convened on September 26 and October 19, 1983, and continued upon the request of the Plaintiffs' counsel, it is hereby ordered that prejudgment interest shall accrue and be due only until October 19, 1983, and no prejudgment interest shall thereafter accrue."

Prejudgment interest may be recovered on claims which are liquidated. A claim is liquidated if the evidence furnishes data which, if believed, makes it possible to compute the amount with exactness, without reliance upon opinion or discretion. If a reasonable controversy exists as to the plaintiff's right to recover or as to the amount of such recovery, the claim is generally considered to be unliquidated and prejudgment interest is not allowed. *Classen v. Becton, Dickinson & Co.*, 214 Neb. 543, 334 N.W.2d 644 (1983).

Neither party disputes that the amount of the claim was ascertainable by a simple mathematical computation, involved though the process might be. Additionally, there was no reasonable controversy over the right to recover from a factual basis, only as to the legal interpretation of the appropriate statute.

Although its holding has been somewhat "watered down" throughout the intervening years, the case of *Lewis v. Rountree*, 79 N.C. 122, 128, 28 Am. R. 309, 313 (1878), has interesting language appropriate to this case:

> It is a rule which may be gathered from the cases that whenever a debtor has notice or ought to know that he owes a *certain* sum, and when he is to pay, if he fails to pay it, he ought to pay interest. In the present case although we may assume that the defendant had notice by the commencement of the action, that he was looked to for the payment of damages, yet as a fact, not only was the amount technically unliquidated, but owing to the unsettled state of the law, it was uncertain.

At the time this litigation was commenced, neither party knew whether improper amounts were being withheld from

724

wages. It was necessary to bring an action to declare the rights of the parties before it could be determined that anyone was entitled to anything. The final result as expressed by the court's final judgment on the mandate was not anticipated by any of the parties or by the trial court. Until that judgment was entered no city official had any authorization to step up and return the amount of any overpayment. It is still not known what the "net" overpayment, if any, might be. It could hardly be said that the amount due in this instance was a liquidated amount.

We hold that where the existence of an overpayment is dependent upon an interpretation of a statute and there is a reasonable dispute over its meaning so as to require a suit for declaratory judgment in order to clarify it, a claim based upon such a determination cannot be said to be liquidated and no prejudgment interest would be allowed.

The judgment of the district court is affirmed except as to that portion allowing prejudgment interest, which is ordered stricken.

AFFIRMED AS MODIFIED.