SOUTHERN GLASS AND BUILDERS
SUPPLY COMPANY and Bennett
Auerbach, Appellants,

v.

UNITED STATES of America et al.,
Appellees.

No. 24996.

United States Court of Appeals
Fifth Circuit.

June 28, 1968.

M. M. Roberts, Homer W. Pittman,
Hattiesburg, Miss., for appellants.

Joseph E. Brown, Jr., Asst. U. S. Atty.,
Jackson, Miss., Robert E. Hauberg, U. S.
Atty., Southern District of Mississippi,
Jackson, Miss., Bruce C. Aultman, Hat-
tiesburg, Miss., Gerald M. McMillan,
McComb, Miss., for appellee, Mechanics
State Bank.

Before WISDOM and COLEMAN, Cir-
cuit Judges, and COMISKEY, District
Judge.

PER CURIAM:

This appeal is from a directed verdict for the government and against the defendants, the principal debtor and the guarantor, who defaulted on a Small Business Administration mortgage loan. Appellants assign three errors against the lower court.

■■■ First error—at the close of plaintiff's case which consisted of only one witness and some exhibits, the Judge erred in denying defendants-appellants' motion for a directed verdict. We agree with the District Judge. Plaintiff had made out its case when the appellants' mortgage note and contract of guaranty were put in evidence. The witness's testimony was necessary to show the payments made on the note by appellants or on its behalf. The witness testified by using government records which were placed in evidence. Appellants countered that these records were inadmissible because the witness, who had prepared the records, had no personal knowledge of the facts contained therein. But such lack of personal knowledge does not really present a problem in this case, since the government records were clearly admissible under 28 U.S.C. § 1732[1] and § 1733.[2] 28 U.S.C. § 1732(a) provides in part that "lack of personal knowledge by the entrant or maker [of the writing or record introduced into evidence] may be shown to affect its weight, but such circumstances shall not affect its admissibility."

■■■ Second error—appellant Bennett Auerbach charges that there was no evidence to hold him liable as guarantor on appellant Southern Glass & Builders Supply Company's mortgage note. But such evidence was presented when the SBA introduced the contract of guaranty executed by Bennett Auerbach as guarantor.

■■■ Third error—at the close of the defendant's case, the Judge directed a verdict for plaintiff and thereby took the case from the jury. Appellants argue that the case should have gone to the jury on the issue of mismanagement by the SBA and others of the debtor's mortgaged property. The alleged mismanagement consisted of a fire that damaged accounts receivable records, failure to timely enforce collection on the receivables, and the allegedly insufficient price the property brought for sale on the foreclosure. While the charge of mismanagement indicates the raising of a factual issue, the record is devoid of a single fact to substantiate these mismanagement charges. A record devoid of any facts on which to base these charges cannot be said to have created a fact issue for the jury. In considering the motion for a directed verdict the District Judge is bound to view the evidence most favorably to the party against whom such motion is made, giving to him every reasonable inference to be deduced therefrom, and unless the Court could properly determine that no reasonable man could reach a verdict in favor of such a party he is bound to submit the case to the jury. Mixon v. Atlantic Coast Line Railroad

1. 28 U.S.C. § 1732(a) provides:
"In any court of the United States and in any court established by Act of Congress, any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of act, transaction, occurrence, or event, shall be admissible as evidence of such act, transaction, occurrence, or event, if made in regular course of any business, and if it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence, or event or within a reasonable time thereafter.
"All other circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but such circumstances shall not affect its admissibility.
"The term 'business' as used in this section, includes business, profession, occupation, and calling of every kind."

2. 28 U.S.C. § 1733(a) provides:
"Books or records of account or minutes of proceedings or any department or agency of the United States shall be admissible to prove the act, transaction or occurrence as a memorandum of which the same were made or kept."

Company, 370 F.2d 852 (5th Cir., 1966); Blount Brothers Corp. v. Reliance Insurance Company, 370 F.2d 733 (5th Cir. 1967). Whenever the evidence is such that fair-minded men may draw different inferences or different conclusions therefrom, a question of fact has been presented which only the jury may decide. Planters Manufacturing Co. v. Protection Mutual Insurance Co., 380 F.2d 869 (5th Cir., 1967); Helene Curtis Industries, Inc. v. Pruitt, 385 F.2d 841 (5th Cir. 1967). But when there is no evidence presented from which a rational conclusion can be drawn in favor of a party, the District Judge may direct a verdict against such party. The record of this case fails to disclose any evidence upon which reasonable men could have reached a verdict in favor of the defendants. Therefore, the judgment of the District Court is affirmed.