**UNITED STATES of America, Plaintiff-Appellant,**

**v.**

**Joseph H. IRBY and Ruth C. Irby, Defendants-Appellees.**

**No. 74–2957.**

United States Court of Appeals, Fifth Circuit.

June 24, 1975.

Robert E. Hauberg, U. S. Atty., Joseph E. Brown, Jr., Asst. U. S. Atty., Jackson, Miss., for plaintiff-appellant.

Joseph Sam Owen, Hollis C. Thompson, Jr., Joel Blass, Gulfport, Miss., for defendants-appellees.

Before CLARK, Associate Justice,* and GOLDBERG and AINSWORTH, Circuit Judges.

PER CURIAM:

This suit was brought by the United States of America on behalf of its agency, Small Business Administration (SBA), against defendants, Joseph H. Irby and his wife Ruth C. Irby, for a deficiency judgment growing out of a

* Of the Supreme Court of the United States (Retired), sitting by designation.

loan by SBA to Industrial Steel & Machine Works, Inc. in the principal sum of $200,000, which loan was unconditionally guaranteed by the individual defendants. The Government alleges that default occurred in the making of payments and that the balance due on the original obligation is the principal sum of $65,568.73 plus interest.

The defendants filed answer in which they admitted that the loan had been made and that the note and guaranty instrument had been executed by defendants, but they denied default of the terms of the promissory note and denied being liable to plaintiff in the sum sued upon, and accordingly they sought dismissal of the suit.

Pretrial order was entered disclosing that the issues on which the case was to be tried involved the balance due under the note, the proper amount of any deficiency, and the method used in selling the properties securing the debt, under foreclosure sale.

At the trial it was stipulated between the parties that a default occurred under the terms of the note. The Government introduced into evidence the original promissory note, the guaranty agreement executed by the defendants, and an authenticated transcript of the account sworn to by the appropriate officer of SBA. The Government then rested and defendants moved to dismiss the suit on the basis that the Government had not met the burden of proving the amount of the deficiency and had not proved how the amount was arrived at and what credits were given against the obligation. The Government responded that a prima facie case had been proven by introduction of the exhibits, including the note, guaranty and authenticated transcript of account. The district court held, however, on the basis of defendants' denial of the amount claimed, that it was the Government's further duty to prove all credits given to defendants; that the Government had the "duty to prove how they arrived at the credits they have given them on it." The court also held that "it would be the duty of the Government to show how each one of the credits were allocated to that note." The motion of defendants to dismiss was granted on the basis of the Government's failure to make such proof.

We hold that the court erred in holding the Government to such a burden of proof and in dismissing the suit, for the Government's prima facie case was clearly established by introduction of the note, the guaranty, and the sworn transcript of account. See Southern Glass and Builders Supply Co. v. United States, 5 Cir., 1968, 398 F.2d 109.

The court erroneously ruled that the Government had the burden of showing whether all appropriate credits to the account had been given, whereas the burden should have been placed upon the defendants under the defense specifically set up in their answer that they "deny that proper amounts were credited on the promissory note sued upon." (Defendants' Answer, paragraph 6.)

Under the circumstances the judgment herein must be vacated and the case remanded for further proceedings in accordance with the views expressed here. The district court shall accord the parties the right to file such amendments to their pleadings as may be required and the case shall proceed to trial with the parties being given the right to offer such further and additional evidence as may be relevant and appropriate under the circumstances.

Reversed and remanded.