**UNITED STATES of America, Plaintiff,**

v.

**David Jack HANSON, et al., Defendants.**

**Civ. No. 84–0060–B.**

United States District Court, D. Maine.

July 2, 1985.

Ronald E. Colby III, Asst. U.S. Atty., Augusta, Me., for plaintiff.

Carl W. Stinson, Bath, Me., for defendants.

## MEMORANDUM DECISION ON MOTION FOR SUMMARY JUDGMENT

CYR, Chief Judge.

Plaintiff, acting through the Small Business Administration [SBA], seeks recovery of the principal and interest due on a corporate promissory note guaranteed by defendants. The defendants have answered and filed cross-claims for contribution and indemnification. Plaintiff moves for summary judgment.

### I. *Facts*

On August 15, 1975, Watershed, Incorporated [Watershed], a Maine corporation, executed a $90,000.00 promissory note in favor of the First National Bank of Damariscotta, Maine [Bank]. The loan was made pursuant to the SBA's deferred participation program whereby the SBA guaranteed repayment of 90 percent of the indebtedness in the event of default by Watershed. As an inducement to the extension of credit to Watershed, the defendants unconditionally guaranteed prompt payment of the note as and when due, whether by acceleration or otherwise.[1] The guaranty contains the following provisions concerning the powers of the lender to deal with the collateral in the event of default.

To consent to the substitution, exchange, or release of all or any part of the collateral, whether or not the collateral, if any, received by Lender upon any such substitution, exchange or release shall be of the same or of a different character or value than the collateral surrendered by Lender;

In the event of the nonpayment when due, whether by acceleration or otherwise, of any of the Liabilities, or in the event of default in the performance of any obligation comprised in the collateral, to realize on the collateral or any part thereof, as a whole or in such parcels or subdivided interests as Lender may elect, at any public or private sale or sales, for cash or on credit or for future delivery, without demand, advertisement or notice of the time or place of sale or any adjournment thereof (the Undersigned hereby waiving any such demand, advertisement and notice to the extent permitted by law), or by foreclosure or otherwise, or to forbear from realizing thereon, all as Lender in its uncontrolled discretion may deem proper, and to purchase all or any part of the collateral for its own account at any such sale or foreclosure, such powers to be exercised only to the extent permitted by law.

The obligations of the Undersigned hereunder shall not be released, discharged or in any way affected, nor shall the Undersigned have any rights or recourse against Lender, by reason of any action Lender may take or omit to take under the foregoing powers.

In case the Debtor shall fail to pay all or any part of the Liabilities when due, whether by acceleration or otherwise, according to the terms of said note, the Undersigned, immediately upon the written demand of Lender, will pay to Lender the amount due and unpaid by the Debtor as aforesaid, in like manner as if such amount constituted the direct and primary obligation of the Undersigned. Lender shall not be required, prior to any such demand on, or payment by, the Undersigned, to make any demand upon or pursue or exhaust any of its rights or remedies against the Debtor or others with respect to the payment of any of the Liabilities, or to pursue or exhaust any of its rights or remedies with respect to any part of the collateral. The Undersigned shall have no right of subrogation whatsoever with respect to the Liabilities or the collateral unless and until Lender

---

1. The defendant guarantors are David Jack Hanson, Margot Hanson, John A. Allen, Diedre Allen, Martha Lynch, John Lynch and Margaret Griggs.

shall have received full payment of all the Liabilities.

Watershed also gave the Bank a mortgage on a parcel of land owned by the corporation.

In early 1978 Watershed failed to make certain required payments to the Bank. Several months later the Bank asked the SBA to honor its guarantee and to service the loan. The SBA complied and on November 15, 1978 the Bank assigned the note, guaranty and mortgage to the SBA. On December 6, 1978 the SBA notified Watershed and the individual guarantors of its intention to accelerate the debt, and demanded payment.

On October 26, 1981 the SBA sent Watershed and its president, Margaret Griggs, a notice of intent to foreclose and a notice of mortgagee's sale of real estate pursuant to the corporate "power of sale" provision in the mortgage. The SBA publicly advertised the notice of sale on October 29, and November 5, 12, 1981, and on November 20, 1981 sold the real estate at public auction for $25,000 to John Lynch, one of the guarantors, as "agent". The net proceeds of the sale were applied to the outstanding loan balance.

On January 25, 1982 the SBA notified each defendant of the remaining balance due and requested that each make arrangements for payment. Unable to collect the balance due, the SBA commenced this action on February 6, 1984 to enforce the guaranty.

**2.** Defendants Diedre Coggins, f.k.a. Diedre Allen, and John Allen did not move for relief from judgment and have not filed any other motions or memoranda in this action. On the plaintiff's motion Margaret Griggs has been dismissed from the action.

**3.** The crux of the defendants' motions for relief was that counsel for the defendants were unaware of the amendment of Local Rule 19, effective June 1, 1984, which contains a different subsection (c) than the subsection (c) found in former Local Rule 19. The court observed that there was no difference, "either in language or meaning," between former Rule 19(*b*) and present Rule 19(*c*), both of which state, in relevant part: "Unless within 10 days after the filing of a motion the opposing party files a written

## II. *Procedure*

Plaintiff filed its motion for summary judgment on November 1, 1984, accompanied by the affidavit of a liquidation loan officer, the statement of material facts required by D.Me. Local Rule 19(b), and a memorandum of law. On November 20, 1981, no timely objection having been filed by any defendant, the Clerk of Court, acting for the court, granted plaintiff's motion for summary judgment under Local Rule 19(c).

On November 27 and 28, defendants filed virtually identical motions for relief from judgment under Fed.R.Civ.P. 60(b) and for enlargement of time within which to object to plaintiff's motion for summary judgment under Fed.R.Civ.P. 6(b). On December 6, 10 and 14 and before the court acted on their motions, certain defendants filed objections to plaintiff's motion for summary judgment.[2] Defendants John and Martha Lynch and Jack and Margot Hanson filed motions for summary judgment, which do not contain the statement of material facts required by Local Rule 19(b). On December 19, 1984 plaintiff moved to strike the submissions of the defendants on the ground that the court had not yet acted on defendants' motions for relief from judgment and for enlargement of time.

On February 26, 1985 the court set aside the default judgment as having been improvidently entered. Treating them as motions for relief from default, the court denied defendants' Rule 60(b) motions,[3] as

objection thereto, he shall be deemed to have waived objection, and the Court may act on the motion." D.Me. 19(b), effective February 1, 1983–May 31, 1984; D.Me. 19(c), effective June 1, 1984. The court found that unawareness of a local rule in effect for almost two years cannot constitute excusable neglect. Even assuming that the court should have applied the "as justice requires" standard in considering defendants' Rule 60(b) motions, *see Greene v. Union Mutual Life Insurance Company,* 764 F.2d 19 (1st Cir. 1985), the court would reach the same result. The court is persuaded, in view of the reasons posited by the defendants for their repeated failures to comply with the local rules, the resulting procedural confusion and, particularly, the absence of any meritorious defense, that

well as their motions for enlargement of time. *United States v. David Jack Hanson, et. al.,* Civil No. 84–0060–B (D.Me. February 26, 1985) [Available on WESTLAW, DCTU database].

Defendants have not sought reconsideration of the February 26 order, nor have they attempted in any manner to correct the deficiencies in their motions for summary judgment. The defendants remain in default. Accordingly, the court does not consider the memoranda and motion papers submitted by the defendants in December 1984, but proceeds to the merits of plaintiff's motion for summary judgment, accepting as true all material facts duly supported by appropriate record citations. *McDermott v. Lehman,* 594 F.Supp. 1315, 1321 (D.Me.1984).

### III. *Defendants' Contentions*

The defendants deny that they owe the amount claimed due by the plaintiff and that the note is in default. They also assert that 1) plaintiff's complaint fails to state a claim upon which relief can be granted; 2) plaintiff's action is time barred under 14 M.R.S.A. § 6203–D; 3) the defendants did not receive notice of the foreclosure sale as required by 14 M.R.S.A. § 6203–E; 4) plaintiff is estopped from recovering from defendants the full amount of the deficiency; and, 5) Watershed was not an obligor on the original note, thereby rendering the guaranty void and unenforceable.

### IV. *Prima Facie Case*

■ Although by the express terms of the guaranty the SBA was not required to foreclose on the real estate prior to enforcing the guaranty, having done so the SBA is not precluded from proceeding against the guarantors for unpaid principal and interest. *United States v. Newton Livestock Auction Market, Inc.,* 336 F.2d 673, 677 (10th Cir.1964). The Government has introduced the note, the guaranty, and an authenticated transcript of Watershed's account sworn to by the appropriate officer

justice does not warrant setting aside their de-

of the SBA. *See* Plaintiff's Complaint, Exhibits A, C; Affidavit of Susan Sheffield (October 30, 1984), Exhibit D. The note is in default, the defendants admit signing the guaranty, and the record indicates that each was sent a notice of acceleration and a demand for payment. Plaintiff's Complaint, Exhibit D. Although various documents refer to "Watershed, Inc." instead of "Watershed, Incorporated," the registered name of the corporation, this discrepancy does not void the guaranty. The note, guaranty and mortgage bear the corporate seal: "Watershed, Incorporated: Incorporated 1975, Maine." This is sufficient to identify Watershed Incorporated as the corporate obligor. *See* 13–A M.R.S.A. § 107, subd. 2.

Accordingly, the Government has made out a prima facie case. *United States v. Irby,* 517 F.2d 1042, 1043 (5th Cir.1975).

### V. *Statute of Limitations and Notice of Foreclosure*

#### A. *Statute of Limitations*

■ Plaintiff contends that federal law provides the applicable statute of limitations in actions to enforce SBA loan guaranties, pointing to 28 U.S.C. § 2415, which provides in relevant part:

> [E]very action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues.

Defendants assert that the relevant statute of limitations is contained in 14 M.R.S.A. § 6203–D, which reads in relevant part:

> Actions on mortgage notes, whether witnessed or not, or on other obligations to pay a debt secured by a mortgage of real estate, to recover judgments for deficiencies after foreclosure by sale under a power contained in the mortgage, and actions on such notes or other obligations which are subject to a prior mortgage, to

faults.

recover the amount due thereon after the foreclosure sale of such prior mortgage under the power contained therein shall, except as otherwise provided, be commenced within 2 years after the date of the foreclosure sale....

In *United States v. Kurtz*, 525 F.Supp. 734, 740 (E.D.Pa.1981), *aff'd without opinion*, 688 F.2d 827 (3d Cir.), *cert. denied*, 459 U.S. 991, 103 S.Ct. 347, 74 L.Ed.2d 387 (1982), the court was confronted with a similar choice between section 2415 and a state statute of limitations. Since there existed a directly applicable federal statute of limitations and the balancing approach articulated in *United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 727, 99 S.Ct. 1448, 1457–58, 59 L.Ed.2d 711 (1979), was therefore unnecessary, the court held that section 2415 supplies the applicable limitations period and that resort to the state limitations period was unnecessary and inappropriate. Although *Kurtz* recognizes that the SBA may, by contract, adopt or consent to some limitations period other than section 2415, *United States v. Kurtz*, 525 F.Supp. at 740–41, D. 12; *see United States v. Kellum*, 523 F.2d 1284, 1286 (5th Cir.1975); *United States v. Gulf Puerto Rico Lines, Inc.*, 492 F.2d 1249, 1252 (1st Cir.1960), there is nothing in the present note or guaranty which even remotely suggests that the SBA's right to proceed against the guarantors is subject to any state limitations period. The note specifically states that it is to be enforced in accordance with applicable federal law. Accordingly, section 2415 provides the applicable limitations period.

■ The remaining question is whether SBA filed its complaint within six years "after the right of action accrue[d]." The cause of action "accrued" on December 6, 1978, when the SBA accelerated the note and demanded payment by the guarantors. *See United States v. Gilmore*, 698 F.2d 1095, 1097 (10th Cir.1983), *citing United States v. Alessi*, 599 F.2d 513, 515 (2d Cir.1979); *United States v. Cardinal*, 452 F.Supp. 542, 543, 547 (D.Vt.1978). *See also United States v. Kurtz*, 525 F.Supp. at 739–40, n. 10. Plaintiff filed its complaint on February 6, 1984, well within six years of the accrual of its right of action.

### B. *Foreclosure Proceeding and Notice to the Guarantors*

■ Defendants contend that they were entitled to notice of the foreclosure sale by virtue of 14 M.R.S.A. § 6203–E, which provides in part:

No action for a deficiency shall be brought by the holder of the mortgage note or other obligation secured by mortgage of real estate after foreclosure by exercise of the power of sale, unless a notice in writing of the mortgagee's intention to foreclose the mortgage shall have been served on the mortgagor or its representative in interest ... at least 21 days before the date of the sale under the power in the mortgage....

Even assuming, without deciding, that under *Kimbell Foods* Maine law provides the federal rule of decision, *see, e.g., United States v. Irby*, 618 F.2d 352, 355 (5th Cir.1980); *Dalton Motors, Inc. v. Weaver*, 446 F.Supp. 711, 714 (D.Minn.1978), section 6203–E does not extend the right of notice to the defendant-guarantors. Section 6203–E requires written notice only to the *mortgagor or* its representative in interest. Timely notice was sent to Watershed *and* to its president.[4] *See* Affidavit of Susan Sheffield (October 30, 1984), Exhibit F; Supplemental Affidavit of Susan Sheffield (December 17, 1984), Exhibit AA. In any event, section 6203–E does not mention · guarantors nor has the court found any Maine authority extending the protections of section 6203–E to guarantors. Absent

---

4. Even though Watershed was "suspended" in October 1979, *see* Complaint ¶ 10, the court is not aware of any authority indicating that notice to the president of a "suspended" corporation is insufficient for purposes of section 6203–E. There is nothing in the record indicating that the corporation was ever formerly "dissolved" prior to the foreclosure sale. Moreover, since the right to notice is accorded to the lender, not to the guarantors, who expressly waived any such right, defendants can assert no such defense.

such authority the court will not presume that guarantors are entitled to notice. *Cf. United States v. Dismuke*, 616 F.2d 755, 758 (5th Cir.1980) [court adopted state statute requiring judicial order of confirmation and approval of foreclosure in actions by SBA against guarantors where state's highest court determined that guarantors were entitled to protections of anti-deficiency statute]; *Victory Highway Village, Inc. v. Weaver*, 480 F.Supp. 71, 74–75 (D.Minn. 1979) [absent express legislative intent to the contrary, protections of anti-deficiency statute do not extend to guarantors]. In a somewhat analogous situation the court in *Victory Highway Village, Inc. v. Weaver*, 634 F.2d 1099, 1102 (8th Cir.1980), rejected the guarantor's attempt to stand in the shoes of the mortgagor under a state foreclosure statute. The court reasoned that the position of a guarantor is not analogous to that of a mortgagor, but is more analogous to the position of the mortgaged property itself.

 Even assuming that defendants were entitled to receive notice of the foreclosure sale under section 6203–E, by the express terms of the guaranty agreement they waived all rights to notice. The guaranty grants the SBA "full power, in its uncontrolled discretion, and *without notice* to the ... [guarantors] ... to deal in any manner with ... the collateral." [emphasis added]. Although the guarantors waive such notice only "to the extent permitted by law," the court has not been informed of any Maine authority prohibiting such contractual waivers by guarantors. In the context of SBA guaranties generally, courts have routinely upheld waivers of defenses. *See, e.g., United States v. Meadors*, 753 F.2d 590, 594 (7th Cir.1985); *United States v. Lattauzio*, 748 F.2d 559, 562–63 (10th Cir.1984), *relying on United States v. Kurtz*, 525 F.Supp. at 744–45; *United States v. Kukowski*, 735 F.2d 1057, 1058–59 (8th Cir.1984). *See also, Mendelson v. Maplewood Poultry Co.*, 684 F.2d 180, 182 (1st Cir.1982).

## VI. *Estoppel*

Although the defendants assert that the plaintiff is estopped from proceeding against them for the full amount of the deficiency, on the present record the court is unable to discern the precise nature of defendants' argument. Generally, absent willful or grossly negligent waste or misconduct by a creditor, the creditor may recover a deficiency judgment against unconditional guarantors without regard to the creditor's treatment of the collateral. *First National Park Bank v. Johnson*, 553 F.2d 599, 602 (9th Cir.1977). On the present record, the court can discern no evidence of misconduct on the part of the SBA.

## VII. *Conclusion*

Plaintiff's motion for summary judgment is hereby GRANTED.

SO ORDERED.