**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Oluwa DAVIS, also known as Reginald Davis, Defendant–Appellant.**

**No. 00–1985.**

United States Court of Appeals,
Sixth Circuit.

Jan. 31, 2002.

Before JONES, DAUGHTREY, and COLE, Circuit Judges.

## ORDER

Oluwa Davis, a.k.a. Reginald Davis, a Michigan resident proceeding pro se, appeals the district court judgment in favor of the United States in this action filed to recover amounts owed under a federally guaranteed student loan. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In January 1999, the United States filed a complaint against Davis to collect a student loan. Davis filed an answer in which he asserted that he had paid his student loan in full. The parties filed cross-motions for summary judgment. The district court denied the motions and the case proceeded to a bench trial. The district court found for the United States. The court concluded that, although Davis had evidence that he paid off a student loan to the Michigan Guaranty Agency, the defaulted loan was from the University of Michigan. In a judgment entered June 28, 2000, the court awarded $2,454.26 to the United States. Davis appeals that judgment.

On appeal, Davis argues that the district court erred by: (1) not imposing sanctions on the United States for misconduct; (2) finding that Davis was not entitled to summary judgment; (3) failing to rule on Davis's motion to compel discovery; and (4) applying incorrect legal standards in the judgment favoring the United States.

This court reviews for clear error a district court's findings of fact following a bench trial. See Fed.R.Civ.P. 52(a); Burzynski v. Cohen, 264 F.3d 611, 616 (6th Cir.2001). Conclusions of law are reviewed de novo. See Affiliated FM Ins. Co. v. Owens–Corning Fiberglas Corp., 16 F.3d 684, 686 (6th Cir.1994).

The district court properly granted judgment to the United States. The promissory note attached to the complaint and introduced at trial established that Davis borrowed $2,500 at an interest rate of seven percent from the University of Michigan in February 1975. In addition, the government filed a certificate of indebtedness from the United States Department of Education. A loan analyst certified under penalty of perjury that Davis had defaulted on the loan on February 26, 1992, was indebted to the United States by virtue of a guaranteed loan made by a private lender and assigned to the United States, and owed $2,124.11 as of July 30, 1997. Declarations made under penalty of perjury may be submitted in lieu of affidavits in federal court. 28 U.S.C. § 1746. Thus, the United States established a prima facie case that it was entitled to collect on the promissory note. See United States v. Irby, 517 F.2d 1042, 1043 (5th Cir.1975).

Davis did not meet his burden of proving the nonexistence, extinguishment, or variance in payment of the obligation. See id. He asserted that he had repaid his student loan in full, relying on a statement from the Michigan Guaranty Agency that his outstanding balance was zero. Davis testified that, to the best of his knowledge, this included all of the student loans he obtained while he attended the University of Michigan. In his pleadings, Davis claimed that the promissory note relied

upon by the government was not genuine and that the certificate of indebtedness was unreliable. At trial, however, he produced no evidence to support these claims or to show that he had repaid the February 1975 loan.

The district court did not clearly err in its factual findings, *see* Fed.R.Civ.P. 52(a); *Burzynski*, 264 F.3d at 616, and applied the law properly. *See Affiliated FM Ins. Co.*, 16 F.3d at 686. The district court concluded that Davis borrowed money directly from the University of Michigan, that the University assigned the loan to the United States Department of Education, and that there was no evidence that the University of Michigan loan came under the Michigan Guaranty Agency guaranties. Accordingly, the court granted judgment for the United States.

Davis's arguments on appeal lack merit. They are all premised on Davis's assumption that the government tried to collect a debt he had already paid in full to the Michigan Guaranty Agency. As explained above, the United States presented proof sufficient to entitle it to a judgment and Davis failed to counter that proof. Thus, sanctions against the United States are not appropriate, Davis was not entitled to summary judgment, Davis's discovery request for documents from the Michigan Guaranty Agency were irrelevant, and the district court applied the correct legal standard.

For the foregoing reasons, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.